## ROCK ISLAND, ARKANSAS & LOUISIANA RAILROAD COMPANY *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 82. Submitted November 8, 1920.—Decided November 22, 1920.

The right to sue for the recovery of an internal revenue tax illegally assessed is conditioned upon prior appeal to and decision by the Commissioner of Internal Revenue, which means an appeal, after payment, for a refund, and is not satisfied by an appeal or application for abatement of the tax before it was paid. Rev. Stats., §§ 3226 (as amended), 3220, 3228, construed. P. 142.

54 Ct. Clms. 22, affirmed.

THE case is stated in the opinion.

. *Mr. Thomas P. Littlepage* and *Mr. Sidney F. Taliaferro* for appellant.

*The Solicitor General* for the United States. *Mr. W. Marvin Smith* was also on the brief.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a claim for a sum paid as an internal revenue tax under the Act of August 5, 1909, c. 6, § 38, 36 Stat. 11, 112. It is alleged that the claimant was not engaged in or doing business in the year for which the tax was collected and that therefore it was not due. The Court of Claims dismissed the petition on the ground that the claimant had not complied with the conditions imposed by statute and the claimant appealed to this Court.

The facts are simple. After the tax was assessed a claim for an abatement was sent to the Commissioner of Internal Revenue in July, 1913. On December 18 of the

same year the Commissioner rejected the application, whereupon on December 26 the claimant paid the tax with interest and a penalty. So far as appears there was no protest at the time of payment and it is found that after it nothing was done to secure repayment of the tax. By Rev. Stats., § 3226, amended by Act of February 27, 1877, c. 69, § 1, 19 Stat. 248, no suit shall be maintained in any Court for the recovery of any tax alleged to have been illegally assessed "until appeal shall have been duly made to the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof, and a decision of the Commissioner has been had therein: *Provided*," etc. Regulations of the Secretary established a procedure and a form to be used in applications for abatement of taxes and distinct ones for claims for refunding them. The claimant took the first step but not the last.

By Rev. Stats., § 3220, the Commissioner of Internal Revenue is authorized "on appeal to him made, to remit, refund, and pay back" taxes illegally assessed. It is urged that the "appeal" to him to remit made a second appeal to him to refund an idle act and satisfied the requirement of § 3226. Decisions to that effect in suits against a collector are cited, the latest being *Loomis* v. *Wattles*, 266 Fed. Rep. 876.—But the words "on appeal to him made" mean, of course, on appeal in respect of the relief sought on appeal—to refund if refunding is what he is asked to do. The words of § 3226 also must be taken to mean an appeal after payment, especially in view of § 3228 requiring claims of this sort to be presented to the Commissioner within two years after the cause of action accrued. So that the question is of reading an implied exception into the rule as expressed, when substantially the same objection to the assessment has been urged at an earlier stage.

Men must turn square corners when they deal with the Government. If it attaches even purely formal conditions to its consent to be sued those conditions must be complied with. *Lex non præcipit inutilia* (Co. Lit. 127*b*) expresses rather an ideal than an accomplished fact. But in this case we cannot pronounce the second appeal a mere form. On appeal a judge sometimes concurs in a reversal of his decision below. It is possible as suggested by the Court of Claims that the second appeal may be heard by a different person. At all events the words are there in the statute and the regulations, and the Court is of opinion that they mark the conditions of the claimant's right. See *Kings County Savings Institution* v. *Blair*, 116 U. S. 200. It is unnecessary to consider other objections that the claimant would have to meet before it·could recover upon this claim.

*Judgment affirmed.*