Booth, Judge,
delivered the opinion of the court:
This is a demurrer to plaintiff’s petition. The petition of the plaintiff railroad company alleges a cause of action predicated upon the refusal of the Commissioner of Internal Revenue to refund the claimed sum of $55,158 illegally exacted as stamp taxes upon certain deeds of conveyance to it executed and delivered in 1915. On October 1, 1915, thirteen railroad companies executed and delivered to the *280 plaintiff company deeds conveying the property of these companies to the plaintiff. The plaintiff company having some doubt as to the application of the stamp act of October 22, 1914, 38 Stat., 745, to the transaction applied to the Commissioner of Internal Kevenue for a ruling thereon, at the time exhibiting three only of said deeds. The commissioner held adversely to this contention, and acquiescing therein the plaintiff company without protest affixed to each of said deeds the requisite amount of stamps, totaling the sum now sued for. Four years thereafter the commissioner in construing the act of 1918 held “that where no valuable consideration passed, stamps were.not required on conveyances.”
The plaintiff’s transaction of 1915 being similar in all respects to the above ruling of the commissioner it immediately provoked a renewed, and what the plaintiff now claims an amended, effort to avail itself of the final ruling of the commissioner and collect the stamp taxes paid by it in 1915. To this end, therefore, on September 22, 1919, it filed with the commissioner its claim for a refund of said taxes, which was rejected because of the intervention of the statute of limitations. A hearing was granted the plaintiff, and the same contentions now advanced were likewise advanced before the commissioner. The argument now constructed rests upon a strenuous insistence that the claim for a refund filed in 1919 is no more nor less than an amendment of its so-called informal claim for an abatement filed in 1915, thus perfecting the former and for the first time claiming a refund of the taxes, thereby escaping the statute of limitations and enabling the plaintiff to maintain the present suit upon the rejection of its so-called ■ perfected claim by the commissioner. In other words, the alleged informal claim for abatement of the taxes by this belated process is converted into a primary claim for a refund of the same notwithstanding the long repose of the former, and which is admittedly without vitality unless it can be thus revived.
Designating a paper “ an informal claim for abatement ” in a suit to recover a refund of taxes paid is not good pleading. It is the conclusion of the pleader. Fortunately in this *281 case sufficient positive facts are alleged which disclose the transaction in detail. The facts alleged bear absolutely' no similarity to either a claim for abatement or refund of the taxes now alleged to be illegal. On the contrary, prior to affixing the stamps to the deeds in issue the plaintiff company exhibited to the commissioner three specific copies of the deeds, each containing only a nominal consideration, stating that in its opinion no stamp tax should apply to said deeds, and asking for a ruling of the commissioner with respect thereto. The commissioner promptly complied with the request, and the plaintiff instead of asking for an abatement of the same thereafter purchased the stamps, affixed them to the deeds, canceled the same, and accepted the ruling of the commissioner, never seeking in any manner to challenge its conclusiveness until some four years later it discovered in the decision of a case in which it was in nowise concerned there existed a possibility to proceed now as it should have proceeded four years before. The widest latitude has been allowed the vigilant in the matter of amendment of claims for refund of illegal taxes, but no authority has been cited wherein the courts have gone to the extreme, no matter how apparent the equities of the situation, in sustaining a claim after a long repose and which would doubtless have continued in such a state save for the persistence and vigilance of a later and another claimant, the ruling in whose case affords prospects of recovery for an abandoned claim.
We think the commissioner was right when he rejected the claim. Revised Statutes, section 3226, provides as follows:
“ No suit shall be maintained in any court for the recovery of any internal tax alleged to have been erroneously or illegally assessed or collected * * * until appeal shall have been duly made to the Commissioner of Internal Revenue, according to the provisions of law in that regard * * * and a decision of the commissioner has been had therein: Provided, That if such decision is delayed more than six months from the date of such appeal then the said suit may be brought * *
The act of May 12, 1900, 31 Stat., 177, as amended by the act of June 30, 1902, 32 Stat., 506, provides, in part, as follows:
*282 “That the Commissioner of Internal Revenue, subject to regulations prescribed by the Secretary of the Treasury, may, upon receipt of satisfactory evidence of the facts, make allowance for or redeem such of the stamps, issued under authority of law, to denote the payment of any internal-revenue tax, as may have been spoiled * * * or in any manner wrongfully collected * * *: Provided further, That no claim for the redemption of or allowance for stamps shall be allowed unless presented within two years after the purchase of said stamps from the Government.”
See Rock Island, Arkansas & Louisiana Ry. Co. v. United States, 254 U. S., 141.
The demurrer is sustained and petition dismissed. It is so ordered.
Graham, Judge; Hat, Judge; and DowNet, Judge, concur.
Campbell, Chief Justice, took no part in the decision of this case.