Campbell, Chief Justice,
delivered the opinion of the court:
This is a suit to recover drawback claimed to be due on account of the exportation of cigarettes manufactured from “ clippings ” of imported Sumatra tobacco on which the re- *989 qnired duty had been paid. It was filed in March, 1920, and claims drawback to the amount of $67,347.20, this amount being arrived at by allowing $3.20 per thousand for 21,046,000 cigarettes. But of the shipments claimed a number of them occurred prior to March 26, 1914, and therefore in any event claims for them are barred by the statute of limitation of six years. Deducting these from the total there is still left a claim of $40,640. The drawback allowable by statute is governed by paragraph O, Section IV, of the act of Congress entitled “An act to reduce tariff duties and to provide revenue for the Government and for other purposes,” approved October 3, 1913, 38 Stat. 114.
The plaintiff brought a prior suit in this court by petition filed in 1916 for the recovery of drawback on cigarettes exported during the years 1909, 1910, and 1911, although, as is stated by plaintiff’s counsel, the evidence in that case was not confined to exportations during the dates mentioned. Judgment was rendered in plaintiff’s favor for approximately $31,000 June 28, 1919. (See 54 C. Cls. 83.) The present suit was brought after that judgment. It is apparent that if the claims now asserted had been included in the former suit none of the items in the present suit would have been barred by limitation, because six years back of 1916 would have included them all. As a consequence, items of claim aggregating more than twenty-six thousand dollars became barred while the former suit was in progress. This unusual condition gives rise to a natural inquiry as to .its cause, and the solution of it is not difficult. The former suit was for drawback under a decision of the Secretary of the Treasury, known as T. D. 29462, rendered January 8, 1909, which authorized a drawback on “ the exportation of cigarettes manufactured by the American Tobacco Company,” as stated in the decision. The recovery was sought and allowed upon the quantity or weight basis as being authorized by that ruling or decision.
The present suit seeks a recovery upon the same basis, notwithstanding the Secretary changed his ruling and held that drawback on account of exported cigarettes would be upon the relative value basis. This decision, No. 32064, was ren *990 dered December 9, 1911, and revoked decision 29462 of January 8, 1909. In this decision 32064, set forth in Article VIII of the petition, reference is specifically made to cigarettes manufactured by plaintiff “ from Sumatra leaf scrap ” and to investigations the department had caused to be made in regard to their commercial value, and it is said: “ Treasury Decision 29462 is therefore hereby revoked. Liquidation of entries heretofore filed under said decision will be suspended pending further instructions.” The conclusions reached adverse to plaintiff’s claim furnished the cause for the former suit, which, as already said, was confined to claims of drawback under the earlier decision and to items arising prior to December 9, 1911, when the earlier decision was revoked. It seems plain, therefore, that the reason the claims here asserted were not included in the former suit was that the revocation of the earlier decision of the Secretary was regarded as putting an end to any substantial recovery of drawback on these exported cigarettes.
The rate of duty on the Sumatra leaf was $1.85 per pound and the allowable drawback on exportation was one per cent less, or $1.83 per pound,. on the weight basis, which, as applied to the cigarettes, amounted to $3.20 per thousand. The findings show that these cigarettes had a value in foreign market of about fifty cents per thousand, though it is stated in decision 32064 that there was “ no actual market for them.” Whatever the fact be in that regard it is plain that if a drawback of $3.20 per thousand could be claimed the use of the “ clippings ” could be justified even if the defendant’s insistence that these clippings were mere waste were accepted. But when the relative value basis is applied to such shipments a different situation develops. On this basis the value of the leaf is $10.45 per pound, and of the clippings 12 cents per pound, which would produce a mere bagatelle of drawback as compared with the $3.20 per thousand under the earlier practice.
The plaintiff’s testimony shows that because of this changed condition it suspended efforts to complete its drawback claims. The contention now is that it is entitled to *991 drawback on the weight basis, notwithstanding the action of the department taken in 1911, and notwithstanding the act of 1913, under which all claims recoverable in this suit, on either basis, must be established. Any claim prior to this act is barred by limitation. When the act of 1913 was passed the ruling of the Secretary upon the question of drawback here involved was in full force and it is to be presumed that Congress was cognizant of it and intended it should continue. In the former suit in this court, judgment was rendered because of the earlier ruling of the Secretary and the court gave full effect to his ruling. The instant case does not have the support of that ruling, and left to reach its conclusion free of the Secretary’s decision No. 29462 the court is of opinion that the cigarettes upon exportation should take the relative value basis and not the weight basis. See National Lead Co. case, 252 U. S. 140; 53 C. Cls. 635. It was said in this case by the Supreme Court (p. 145) : “ It does not seem possible that Congress could have intended that two-thirds of the duty should be returned when one-quarter in value of the manufactured product should be exported.” See United States v. Dean Linseed Oil Co., 87 Fed. 453, 456.
The uniform practice of the Treasury Department for many years has been to apply the relative value basis. Dean case, supra. The findings show that the plaintiff’s claim of drawback was not completed in accordance with the lawful regulations promulgated by the Secretary of the Treasury. Its proof tends to show that it was not completed because of the revocation of the Secretary’s earlier decision, it not being deemed worth while to claim drawback on the relative value of the tobacco in the cigarettes to that used in wrappers. It is, of course, recognized that it is the statute and not the decision of the Secretary that gives the right of drawback, but the statute provides that the claim itself be established under regulations which it authorizes to be made. These regulations must be complied with to complete the claim. To prove the contents of a notice of intent to claim a drawback on account of the exportation of cigarettes made *992 from imported Sumatra tobacco, the proof must meet the requirements of the statute that the imported materials when exported shall be “ identified ” as well as meet other provisions of the statute and regulations. Proof by secondary evidence of a notice of intent to claim drawback on “ Turkish tobacco ” does not identify the exported material as being Sumatra tobacco. And in the absence of further and more definite proof it is questionable whether the notice to claim drawback on account of a particular kind of imported tobacco is sufficiently identified by a notice of intent to claim drawback on “ imported tobacco and rice paper.”
The original notices of intent are not produced because they were destroyed after three years’ delay in perfecting the claim, but they were probably all in existence when the plaintiff’s other suit was brought, and, as already suggested, no reason has been assigned for the omission of the claim here asserted from that other suit. This case is not controlled by the former one. Another statute, that of 1913, must be looked to, a different ruling of the Secretary must be considered because it revokes a right given, so far as the Secretary’s decision could give it, by an earlier decision, and the later decision accords more with the spirit and purpose of the statute. It remains to be said, though unnecessary to a decision of this case, that the jurisdiction of this court attaches upon the refusal of the Secretary or collector to pay a drawback to which the party is entitled upon demand duly made for its payment. The implied contract referred to in the Campbell case, 107 U. S. 407, is predicated upon the application made for the drawback and its refusal. The claim here asserted is only sustainable as one based on a law of Congress, and even formal conditions must be complied with. Rock Island, A. & L. R. R. Company case, 254 U. S. 141.
Our conclusion is that the petition should be dismissed. And it is so ordered.
Graham, Judge; Hay, Judge; Downey, Judge; and Booth, Judge, concur.