## HAIGHT v. UNITED STATES.

District Court, W. D. Washington, N. D. June 8, 1927.

### No. 10464.

**1. United States ⊜⟞125(1)—Government may not be sued, except on authority of Congress.**

It is axiomatic that government may not be sued, unless under the authority of Congress.

**2. Internal revenue ⊜⟞38(1)—Action to recover tax paid by stockholders of personal service corporation, finally determined not to be such a corporation, held not maintainable, unless corporation had paid tax (Revenue Act 1926, § 1210 [44 Stat. 130]; Revenue Acts 1918 and 1921, § 218 [Comp. St. § 6336⅛i]).**

Under Revenue Act of 1926, § 1210 (44 Stat. 130), and Revenue Acts 1918 and 1921, § 218 (Comp. St. § 6336⅛i), no action can be maintained against the government to recover income taxes paid by individual stockholders of personal service corporation, later determined not to be such a corporation in fact, unless tax has been paid by the corporation.

At Law. Action by James A. Haight, Jr., trustee in bankruptcy of George B. Hall, and the community composed of George B. Hall and his wife, against the United States. Judgment for the United States.

George B. Hall and Hazel T. Hall, husband and wife, were the sole stockholders in the G. Batcheller Hall Co., a corporation. In 1918 and 1919 the corporation filed income tax returns as a personal service corporation. Hall and his wife filed individual tax returns pursuant to the law and regulations then in force, and included in each of the returns undistributed profits, returnable as income only if the company was, in fact, under the rulings of the department, a personal service corporation, and other items of income. Hall and his wife paid the income tax upon the personal returns. Thereafter the Commissioner of Internal Revenue held that the G. Batcheller Hall Company was not a personal service corporation, and in March, 1924, each of the Halls filed amended returns for the years 1918 and 1919, and made claims for refund in harmony with the ruling of the Commissioner of Internal Revenue, and on December 6, 1924, the refunds were granted in favor of George B. Hall ($2,326.14) and Mrs. Hall ($2,374.56), and on the 3d of April, 1925, George B. Hall and the community composed of Hall and his wife were adjudicated bankrupts, and thereafter the plaintiff in this action was elected trustee in bankruptcy. The refunds were property of Hall and of the community

composed of Hall and his wife. The tax for the George B. Hall Company corporation had not been paid.

The trustee in bankruptcy, succeeding to the assets of the bankrupt Hall and the community of Hall and wife, made demand for the refunds allowed and granted, and on refusal, instituted this action. The government contends that the refunds granted for the years involved in the suit are controlled by the personal service corporation element, which is governed by section 1210 of the Revenue Act of 1926 (44 Stat. 130), and, since the tax due from the corporation has not been paid, the plaintiff may not recover.

Bronson, Robinson & Jones, of Seattle, Wash., for plaintiff.

Thos. P. Revelle, U. S. Atty., and Arthur Simon, Asst. U. S. Atty., both of Seattle, Wash. (A. W. Gregg, Gen. Counsel Bureau of Internal Revenue, and Frederick W. Dewart, Sp. Atty. Bureau of Internal Revenue, both of Washington, D. C., of counsel), for the United States.

NETERER, District Judge (after stating the facts as above). [1, 2] It is axiomatic that the government may not be sued unless upon the authority of Congress. Immunity from suit is an inherent right of self-protection (Cary v. Curtis, 44 U. S. [3 How.] 236, 11 L. Ed. 576; Cheatham v. U. S., 92 U. S. 85, 23 L. Ed. 561; R. I. A. & L. R. Co. v. U. S., 254 U. S. 141, 41 S. Ct. 55, 65 L. Ed. 188), and if the right to sue is withheld by section 1210, or its provisions are applicable, or conditions named are absent, the action must be dismissed.

"Sec. 1210. Any individual who has paid a tax (in accordance with section 218 of the Revenue Act of 1918 or section 218 of the Revenue Act of 1921) as a stockholder of a personal service corporation shall be entitled to a credit or refund, in the manner provided in section 284, if (a) such corporation has been finally determined not to be a personal service corporation, and (b) such corporation has paid the tax imposed by title II of the Revenue Act of 1918 or title II of the Revenue Act of 1921, as the case may be, and (c) claim therefor is filed within one year after the enactment of this act, or before the expiration of the period of limitations upon the filing of such claim, whichever is the later."

This section, and section 218, Act 1918, and 218, Act 1921 (section 6336⅛i, Comp. St.) must be construed together. Section 6336⅛i, supra, provides in substance that personal service corporations shall not be subject to taxation, but the individual stockholders thereof shall be taxed in the same manner as members of partnerships. A member of a partnership under this section is liable for income tax in his individual capacity; in computing the net income, each partner to include his distributive share, whether distributed or not.

Section 218, Act 1918, is repealed by section 1400 of the Act of 1921 (section 6371⅘m, Comp. St.). The act, however, remained in force for the assessment and collection of all taxes which have accrued under the Revenue Act of 1918. The provision of this section with relation to personal service corporations, and return and payment by the stockholder, is as section 218, Act 1921 (section 6336⅛i, Comp. St.), supra. It is therefore apparent that the provisions of section 1210, supra, have relation to the right to refund of Hall and wife, if any, pursuant to the return and tax payment. The Halls, as stockholders, made returns in harmony with section 218, supra (section 6336⅛i, Comp. St.), and upon the determination of the Commissioner of Internal Revenue that the Hall corporation was not a personal service corporation, and the assessment of additional taxes against the corporation, which had not been paid, the Halls became entitled to refund only *if such corporation had paid the tax,* and, this not having been done, it is obvious that the plaintiff has no claim with relation to the personal service corporation feature.

There does appear, however, an overassessment on items other than those arising from the personal service corporation provision. These have not been discussed, but may be determined upon entry of decree.