Booth, Judge,
delivered the opinion of the court:
The plaintiff, a New York coiqporation, states a cause of action resting upon an alleged right to recover on the basis of quantum meruit for extra work performed and labor furnished over and above that required by the stipulations of two certain contracts with the Government. On December 10, 1919, written contract #1343N was executed by the parties. The plaintiff under the terms of the agreement was to manufacture and deliver f. o. b. factory, New York City, N. Y, 6,000 caskets at a unit price of $62.50 each. On April 16, 1920, written contract #1389N was executed by the parties. This contract is similar to the above, covers the *7 same subject matter, and. differs only with respect to number and price of caskets to be furnished and stated point of delivery. Instead of employing the words “ f. o. b. factory,” as in contract #1343N, the words “ deliveries f. o. b. New York ” appear.
The plaintiff filed two petitions, one involving contract #1343N and the other contract #1389N. The facts upon which the right of recovery is based are the same in each case, the parties stipulating that the findings in one, except as to amount involved, may be taken as the findings in both.
. During the course of contract performance the defendant at first provided trucks for the transportation of the caskets from the door of plaintiff’s factory to a point where they were to be transported by the defendant overseas; 352 of the 6,000 caskets under contract #1343N were handled by the defendant in this manner. It soon developed that the method employed was embarrassing to both the plaintiff and defendant. The plantiff under the method, necessarily slow, was confronted with an overstocking of its storage capacity and the defendant with an increasing delay in supplying the wants of an urgent necessity. To relieve the situation the defendant agreed to place barges or lighters at the foot of 106th Street, New York City, a distance of some 200 feet from plaintiff’s factory, and the plaintiff was instructed and consented to move the caskets from its factory and load them upon the barges. The plaintiff performed this service. In doing so the allegation is made that under contract #1343N it incurred an additional expense, found by the commissioner to be $16,010.13, and a like expense under contract #1389N of $3,627.06. It is for the recovery of the total of these sums that the suits are brought.
Obviously, it is essential for the plaintiff to establish that the services and expense incurred, for which judgment is sought, were rendered and incurred under such circumstances as to warrant the court in implying an agreement to pay their reasonable worth by the defendant. The contractual liability of the Government under a proper state of facts is manifestly to be conceded; but one dealing with the Gov *8 ernment is required to observe strictly the extent of authority possessed by the agent of the Government to act in the premises, and this essential factor is equally important whether the transaction is covered by a written contract ox arises without one. Grant's case, 5 C. Cls. 71; Baltimore & Ohio E. R. v. United States, 261 U. S. 592; Rock Island, Arkansas & Louisiana R. R. Co. v. United States, 254 U. S. 141. Where contracts to pay have been implied in dealings with the Government the question of authority to act has been established. In this case the record discloses not only an utter lack of authority upon the part of the agent of the Government to act, but a positive assertion from that source that the arrangement finally consummated for deliv-’ ery of the caskets was one mutually assented to and of mutual advantage to the parties to the contracts. The facts of the case aside from oral testimony are distinctly corroborative of a mutual understanding that the plaintiff was anxious to effect the changed arrangements for delivery of the caskets. The contracts provided for prompt delivery of the caskets in quantities. Considerable congestion seemed inevitable, and the plaintiff escaped the additional expense and inconvenience of storage expenses by acceding to a change in the contract in this respect, i. e., by prompt deliveries to a point almost adjacent to its factory door.
The plaintiff accepted without protest or objection the contract price for the caskets. It even did more, it entered into two contracts both bearing dates subsequent to the change made as to point of delivery without making claim for additional expense which, at the moment, it was incurring in making deliveries under its first contract. It was not until some years after the entire transaction had been closed that these suits were brought.
Paragraph 17 of the contracts provided in express terms a method for the adjustment and settlement of “ any claims, doubts, or disputes which may arise under this contract, or as to its performance or nonperformance, and which are not disposed of by mutual agreement.” The plaintiff was provided with a method of procedure in the contracts themselves whereby, it could have protected itself against the additional expense now claimed. This method was not *9 invoked; on the contrary, the record discloses that the plaintiff inaugurated the change made as to deliveries, invited the officers of the Government to relieve a congested situation, and voluntarily assented to accept the same, without making a claim for additional compensation until long after final settlement of the entire transaction.
We think the petitions in cases D-800 and D-801 should both be dismissed. It is so ordered.
Moss, Judge; Graham, Judge; and Campbell, (Thief Justice, concur.