*639 OPINION.
Black :
Issue 2 has been settled by stipulation.
The first question for decision is whether the dividends which the petitioner received from the East Bay Water Co. included distributions of capital. Upon audit of the return filed- by petitioner the Commissioner determined that the dividends paid on the stock of the East Bay Water Co. had been paid in part from capital, rather than from earnings, the part so paid amounting to $20.1277 on each share of “A” stock and $23,659 on each share of “ B ” stock, and that, therefore, the cost basis of the stock should be reduced accordingly, as provided by section 115 (d) of the Revenue Act of 1928. Both sides concede that this issue depends solely on whether too much or too little depreciation was deducted in the various years. The Commissioner has’allówed as depreciation for the years 1917 to 1928, inclusive* in computing income tax the total amount of $4,638,277.61, and in the computation of dividends, $4,687,596.97 The difference between these sums is fully explained in the findings of fact and arises from an adjustment made as the result of a protest filed by the company. The total depreciation for these same years shown on the books of the company is $2,023,208.40.
Both sides apparently agree that the difference between the amount allowed by the Commissioner and that which appears on the books *640 of the East Bay Water Co. arises from the method in which depreciation was computed by each. The Commissioner computed depreciation on a straight line basis, whereas the company computed it, in so far as its book entries are concerned, under the sinking fund method, in compliance with the rules of the Railroad Commission of California. Under the first method, depreciation is computed on the cost or other proper basis and allocated equally over the years of the useful life of the asset, while under the sinking fund method only so much is deducted in each year as, plus interest at a given rate, will equal the cost of the asset when it is exhausted. It is stipulated that cost used by the Commissioner and that used by the Railroad Commission of California were approximately the same and that the Commissioner accepted the findings of the commission as to the length of the useful life of the various assets.
It has been stipulated that certain officers of the East Bay Water Co. filed a protest with the Commissioner which resulted in the refund of taxes for the years 1917 to 1921, inclusive, and became the basis for the computation of depreciation for income tax for subsequent years. We assume that these men had a thorough knowledge of the assets of their company, and .their cost and useful life, and that they were sincere and honest in making the protest and furnishing the proof which resulted in the refund. It is a pertinent fact that the sinking fund method was required by the railroad commission. Apparently it was not the company’s choice. The first time its officers could exercise their independent judgment upon this question was when they appeared before the Commissioner. We think that this independent judgment of the officers of the company is entitled to greater weight than the opinion of their witnesses at the hearing. There is a wide difference between the facts of this case and those which appeared in Cumberland Glass Mfg. Co. v. United States, 44 Fed. (2d) 455, and the cases therein referred to, and we do not consider them controlling.
In the instant case, the East Bay Water Co. of its own volition adopted the straight line method for income tax purposes in preference to the sinking fund method, and its stockholders have obtained the benefit accruing from this election. By reduction in income taxes of the corporation larger amounts were available for distribution in dividends to stockholders. We recognize that net taxable income may be one thing and that earnings and profits available for distribution may be another, and that the latter may include items which would not enter into computation of net income and also reductions which would not be allowed in its computation. It is conceded by both parties that, in the computation of both net taxable income and earnings and profits available, for distribution, there is a common element *641 and that is depreciation. The question here is whether a corporation in computing its net income for taxation purposes and its income for dividend purposes can use different methods. A similar question was presented in Benjamin Siegel, 29 B. T. A. 1289. There a corporation, in computing its net income, adopted the method of deducting individual debts which were found to be worthless and charged off, and then sought, in computing its earnings and profits for dividend purposes, to adopt the reserve method which was permitted by the Revenue Act of 1921. The petitioner, who was a stockholder, contended that the company could pursue one method in computing its net taxable income and the other in computing earnings and profits available for distribution. In reply to that we said:
* * * The fallacy of this contention lies in the fact that while these terms differ in several particulars they have elements which are common to both. Among these is a deduction of or a provision for worthless debts. Section 234 (a) (5) of the Revenue Act of 1921 gave the Company the option of using for this deduction a reasonable addition to its reserve for bad debts. It did not see fit to avail itself of this option, but continued to deduct as before the passage of that act. In order to maintain its position the Company must now assert that in respect of items common to both net income and to earnings and profits it has the right to use one method of getting the benefit of its worthless debts in respect of income taxable to itself, and to use another method in computing that part of its income which is taxable to its stockholders. The Company having elected to use the charge-off method when it could have used the reserve method, either of which could have been used to compute both net income and earnings and profits, should, in our opinion, be held to its election in both cases. It should be compelled to turn square corners in its dealings with the Government. Rock Island, A. & L. R. Co. v. United States, 254 U. S. 141; cf. Radiant Glass Co. v. Burnet, 54 Fed. (2d) 718.
Petitioner asserts that a stockholder is a separate entity from the corporation and for that reason he is not bound by the action of the corporation. That is, of course, true in many situations, but, in so far as we can see, it has no special application here. The question is, What earnings did the corporation have available for distribution when it declared dividends in the years 1917 to 1928, inclusive? The depreciation sustained by the corporation on assets used in its business is the determining factor here in arriving at a conclusion of that question.
When we have determined the correct amount of depreciation sustained by the corporation during the period in question the petitioner, a stockholder of the company, is bound by it. In our findings of fact we have sustained the Commissioner in his allowance of depreciation in computing the company’s income available for dividends, and of course that determines the amount of petitioner’s dividends which was from earnings and the amount which was paid from capital. In Wells Fargo Bank & Union Trust Co. v. McLaughlin, 8 Fed. Supp. 1009, the District Court of the United *642 States for the Northern District of California, Southern Division, had this same question before it. Judge Kerrigan, among other things, said:
* * * While I do not wish to go so far as to hold that the stockholder is estopped from claiming another basis of depreciation than that claimed by the corporation, under the facts and circumstances of this case, it appeals to me as meritorious that the Commissioner should use the same figures of depreciation in computing whether or not dividends were paid out of capital as were claimed by the corporation in .computing its income tax. While the depreciation approved by the Railroad Commission is persuasive as to its correctness, the Commissioner of Internal Revenue is not bound by its findings and orders. San Joaquin Light and Power Co. v. McLaughlin (C. C. A. 9) 65 F. (2d) 677. Without going into the merits of the respective methods of computing depreciation, I hold and find that the depreciation claimed by the Bast Bay Water Company in computing its income tax is the depreciation which may properly be used by the Commissioner in computing whether or not the dividends paid included a return of the capital investment. * * *
The United States Circuit Court of Appeals for the Ninth Circuit, at 78 Fed. (2d) 934, sustained the judgment of the District Court in holding that the dividends paid on the stock of the East Bay Water Co. had been paid in part from capital rather than from earnings, the part so paid amounting to $20.1277 on each share of “A” stock and $23.659 on each share of “ B ” stock, and that therefore the cost basis of the stock should be reduced accordingly. That is the same question as we have here, and, while of course the question is one of evidence in each case, there being no contention that the court’s opinion in the Wells Fargo Union Trust Co. case is res judicata here, we feel constrained to reach the same conclusion on the evidence before us as the court reached in that case. The respondent is affirmed on this issue.
The petitioner next asserts that the respondent is estopped to impose the tax asserted on her by reason of the fact that he has consistently taxed her on the dividends received by her from the East Bay Water Co. There is nothing in the record to indicate that the respondent or any of his predecessors made any determination whatever as to the amount of dividends taxable to the petitioner. All that appears is that the petitioner has consistently in her returns reported these dividends as income, and that the Commissioner has accepted her returns at their face value. There is no merit in this contention. Cf. Botany Worsted Mills v. United States, 278 U. S. 282; Burnet v. Porter, 283 U. S. 230; McIlhenny v. Commissioner, 39 Fed. (2d) 356.

Decision will Toe entered under Rule 50.