## CARMAN v. UNITED STATES.
## In re PIRNIE'S ESTATE.
### No. 6493.

District Court, D. Massachusetts.

Nov. 8, 1937.

Abraham Kamberg, of Springfield, Mass., for plaintiff.

Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Sp. Asst. U. S. Atty., both of Boston, Mass.

SWEENEY, District Judge.

This is an action at law to recover the sum of $668.42 alleged to have been illegally assessed, collected, and retained by the United States. The defendant has filed a motion to dismiss on the ground that this court is without jurisdiction to hear and determine this cause of action.

### Findings of Fact.

The parties have submitted an agreed statement of facts from which the following findings of fact are made:

W. Bruce Pirnie, hereinafter referred to as the taxpayer, filed a tax return for the calendar year 1929 on March 20, 1930. The tax liability disclosed on that return showed an amount due the government of $18,333.87. During 1930 three quarterly payments were made, and the fourth quarterly payment of $4,584.16 was omitted. The Commissioner assessed an ad valorem penalty of 25 per cent. of the tax for the late filing of the return.

On March 18, 1932, which was within the time prescribed by law, the taxpayer filed a claim for a refund of $11,076.02 of the 1929 tax, alleging that the correct tax liability was but $2,673.69.

On June 28, 1932, the taxpayer was adjudicated a bankrupt, and Ernest W. Carman, the petitioner herein, was appointed trustee in bankruptcy on July 19, 1932, and succeeded to all of the bankrupt's rights in so far as this suit is concerned.

The claim for refund was regular in all respects, except that in the space provided at the bottom of the form wherein the claimant might state the reasons for the making of this refund, in addition to doing this, the claimant inserted the following: "A penalty of $4,583.47 was assessed against the taxpayer for late filing, and an offer in compromise was submitted under date of June 9, 1930. This offer was not accepted and is now formally withdrawn. An abatement of all, or a proportionate part, of this penalty is now requested."

When the claim for refund was considered, it was allowed in full, and on June 8, 1933, the Commissioner notified the taxpayer that he had been overassessed in the amount of $15,660.18 on his tax, and had been overpenalized in the amount of $3,915.05. A study of the Commissioner's computation shows that he allowed the claim for refund in the exact amount for

240

which it was filed: namely, $11,076.02. Before remitting the balance to the taxpayer, the Commissioner deducted the $668.42 penalty and a small amount due from the taxpayer on account of his 1928 return. Plainly, this is the date on which the penalty was paid by the taxpayer, and would be the commencement of the period during which he might file a claim for refund. No subsequent claim was filed, and the petitioner relies entirely on the claim for refund filed in March, 1932.

This action was commenced on September 20, 1935, and is based upon the theory that the action is timely, since the Commissioner has never taken action on the petitioner's petition for refund in so far as it pertains to the $668.42 penalty, or, if such action has been taken by the Commissioner, and has amounted to a disallowance, that no notice has been communicated to the petitioner as required by the statute.

Considering the form of the claim for refund filed by the petitioner, I am satisfied that a fair reading indicates that the claimant was asking for a refund of the taxes that had been overpaid, and, in the same instrument, asked for an abatement of the penalty which had been levied, but uncollected. In asking for the abatement he plainly indicated by the use of the words "whole or in part" that he would be satisfied by the action of the Department that would refund or abate either whole or part of the penalty assessed. The Department apparently complied with his request, and abated all of the tax that he asked to have refunded, and abated the penalty to a considerable extent. I am satisfied, however, that the petitioner's request for an abatement of the penalty does not rise to the dignity of a claim for refund, even though such request was incorporated in an instrument designed to be a claim for refund. In the first place, the penalty, while assessed, had not been paid, and, of course, under such circumstances a claim for refund was not in order. That the petitioner realized this is indicated by the fact that he requested an abatement of the penalty rather than a refund of it.

Conclusions.

■ Since the Revenue Act of 1924, §§ 274 and 279 (43 Stat. 297, 300), provided that claims for abatement, excepting in the case of jeopardy assessments, were no longer in effect, his request for an abatement of the penalty can have no further effect than the Commissioner gave it. I therefore find and rule that this petitioner has not filed a claim for refund as provided in section 3226 of the Revised Statutes, as amended (26 U.S.C.A. §§ 1672–1673), because he did not comply with the necessity for submission of the claim to the Commissioner before suit was brought. See Rock Island, Arkansas, & Louisiana Railroad Company v. United States, 254 U.S. 141, 41 S.Ct. 55, 65 L.Ed. 188, and United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025.

■ If it could be held that the claim as filed by this petitioner constituted a valid claim for refund of the penalty assessed against him, and that the fact that the penalty had not been paid did not operate to affect that claim for refund, then I would consider that the government's letter of June 8, 1933, was sufficiently in kind with the claim for refund to constitute a valid notice of disallowance of that claim. This being so, I must arrive at the same conclusion that the petition should be dismissed, as not satisfying the requirements of section 3226 of the Revised Statutes of the United States (as amended), in that there was no compliance with the provision for the institution of action within two years from the date of the receipt of the notice of disallowance of the claim.

■ The petitioner argues another phase of the case, namely, that the Commissioner was not entitled to collect the penalty against this bankrupt's estate, because the bankruptcy of the taxpayer extinguished the claim of the United States for the penalty for late filing under section 57(j) of the Bankruptcy Act (11 U.S.C.A. § 93 (j). Section 57(j) does not provide that a claim for a penalty is extinguished, but merely provides that a proof of claim may not be allowed in the case of a penalty or forfeiture with certain exceptions. While the government might be barred from filing a proof of claim on account of the penalty assessed herein, I do not feel that section 57(j) in any wise affects a penalty properly levied and retained by the United States out of funds held in its possession. Such a question could properly be determined if a claim for refund of that penalty had been filed, and, upon its disallowance, suit instituted in the federal courts. I am of the opinion, under the circumstances, that the plaintiff has no standing to question this matter, and the defendant's motion to dismiss is therefore allowed.