**CARSON, PIRIE, SCOTT & COMPANY,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

**Civ. A. No. 56 C 1707.**

United States District Court
N. D. Illinois, E. D.
June 30, 1960.

Sidley Austin, Burgess & Smith, Chicago, Ill., for plaintiff.

Robert Tieken, U. S. Atty., Harvey M. Silets, Asst. U. S. Atty., Chicago, Ill., for defendant.

IGOE, District Judge.

This is an action brought by Carson, Pirie, Scott & Company for the recovery of Federal income and excess profits taxes paid for the fiscal years ended January 31, 1944 through 1948, amounting to $931,420.24 plus statutory interest.

The plaintiff, Carson, Pirie, Scott & Company, referred to hereafter as Car-

son, is an Illinois corporation operating retail department stores, with its principal place of business in Chicago, Illinois.

During the taxable years, which are the subject of this action, and for many years prior thereto, Carson employed the retail method of inventory valuation.

Carson's management filed its Federal income and excess profits tax returns for the fiscal years ending January 31, 1942 through 1948, using the retail inventory method on a first-in, first-out basis and did not file the requisite election to use the LIFO method, as was prescribed in Regulation 111, Section 29.22 (d):

"Time and Manner of Making Election—The elective method (LIFO) may be adopted and used if the taxpayer files with his return for the taxable year as of the close of which the method is first to be used (or * * *) in triplicate on Form 970 (revised), and pursuant to the instructions prescribed thereon and to the requirements of this section, a statement of his election to use such method * * *"

On December 29, 1951, Carsons timely filed its claims for refund for the years in question together with Treasury Department Form 970, its application for the adoption and use of the elective inventory method (LIFO) provided by Section 22(d) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 22(d), to be applicable as of the close of Carson's taxable year ended January 31, 1944.

The claims for refund were based on changes in the Regulations which Carson asserted permitted companies, as itself, which computed their inventories on the retail method, to use the LIFO method. The Commissioner had amended his regulations by essentially adding information relative to price indices necessary to apply the LIFO technique to users of the retail method of inventory valuation.

The Commissioner disallowed the claims, stating that Carson's election to use the LIFO method was not timely filed and the statutory requirements for the use of LIFO were not fulfilled. The Statute of Limitations was tolled by a series of agreements between Carson and the Commissioner, and this suit was filed within two years of the disallowance, after reducing the period between disallowance and suit by the time during which the Statute of Limitations had been tolled by agreement.

This matter came on to be heard by this Court upon the Government's Motion to Dismiss the Complaint for failure to state a claim upon which relief could be granted. The parties have filed a Stipulation of Facts and tendered memoranda relative to the Government's motion.

Since Carson has stipulated that the Federal income and excess profits tax returns for the subject years did not have accompanying them the election to use the LIFO method in order for Carson to here prevail, the issue is simply, "Was Carson bound by Regulation III, Section 29.22(d) (3) to file its LIFO election with its 1944 return?" If the answer is in the affirmative, Carson having failed so to do, the Complaint must be dismissed.

Carson urges the Regulations as amended in 1942 were inapplicable to it and consequently that portion prescribing the time for filing the requisite election was also inapplicable to it. Moreover, it is urged that the Commissioner had actively opposed the use of LIFO by retail inventory method users and thus prevented an election by Carson. Thus, it is urged the Commissioner is estopped from denying LIFO to Carson.

The Government cites as its primary authority R. H. Macy & Co., Inc., v. United States, 2 Cir., 255 F.2d 884, certiorari denied 358 U.S. 880, 79 S.Ct. 119, 3 L.Ed.2d 110, which indeed is squarely in point. There, as here, Macy contended that Section 19.22(d)–2 of Regulation 103 did not permit the inventorying of goods by department or classes, or provide price indices, to convert the retail method inventory figure to a LIFO figure, and thus prohibited the use of LIFO to taxpayers who used the retail method

of inventory valuation. Further, there, too, Macy asserted that the Commissioner was estopped by his former position that LIFO was not available to users of the retail method.

In a well-reasoned opinion, Chief Judge Clark reversed the District Court, 148 F.Supp. 377 and held the regulations were applicable to Macy, and it was required to file its notice of election to adopt LIFO within the time prescribed by the regulations. It is unnecessary to here belabor the lucid and logical reasoning of that Court. It is the opinion of this Court that that analysis of the applicability of the LIFO regulations is equally forceful in this action.

An analysis of Kaufmann & Baer Co. v. United States, 137 F.Supp. 725, 133 Ct.Cl. 510, certiorari denied 352 U.S. 835, 77 S.Ct. 54, 1 L.Ed.2d 54, and Hutzler Bros. Co. v. C. I. R., 8 T.C. 14, supports the conclusion of the second circuit. The introductory paragraph of Regulation 103, Sec. 19.22(d)–1, states specifically its application to any taxpayer required to take inventories and enunciates its applicability to those covered by Section 19.22(c)–8, permitting retail merchants to use the retail method. Finally, the absence of price indices in the regulation was not fatal since,

"* * * the Commissioner was under no duty to issue a specific regulation prescribing the accounting methods to be used by 'retail method' taxpayers to enable them to adopt LIFO. In the absence of such a regulation these taxpayers were free to adopt any method which they believed proper, subject of course to the Commissioner's approval." R. H. Macy & Co., Inc. v. United States, supra, 255 F.2d at page 889.

Contrary to the urgings of Carson, it did in fact have alternative ways in which to legally file its tax returns. It could have made its election to use LIFO or, as it did, to refrain from doing so and file as it did. To say, as Carson now does, that, "Carson would certainly have become involved in litigation with the Commissioner," if it elected to use the LIFO method prior to the decision in the Hutzler case and prior to the Commissioner's amendment of his regulations, overlooks the realities of this litigation. As was said in Kaufmann & Baer Co. v. United States, 137 F.Supp. 725, 730, 133 Ct.Cl. 510, certiorari denied 352 U.S. 835, 77 S.Ct. 54, 1 L.Ed.2d 54:

"If the plaintiff wanted to use the LIFO method it should have filed its returns on that basis and have made a timely election to use the method, as did other taxpayers. The Commissioner's failure to act on the election to use LIFO did not prejudice plaintiff."

Nor is it enough for Carson to claim to do so would have been a useless act and thus unnecessary. See Rock Island, Arkansas & Louisiana Railroad Company v. United States, 254 U.S. 141, 41 S.Ct. 55, 65 L.Ed. 188.

Nor can Carson claim the Commissioner is estopped by his former position that LIFO was not available to users of the "retail method." As Chief Judge Clark stated in Macy, supra, 255 F.2d at page 889:

"It is no excuse that this failure (to file the election) occurred because the Commissioner opposed Macy's exercise of its statutory right or a succeeding Commissioner erroneously considered the excuse valid. Not thus is the United States of America to be estopped in the collection of its revenue. Automobile Club of Michigan v. C. I. R., 353 U.S. 180, 183–184, 77 S.Ct. 707, 1 L.Ed.2d 746".

This Court finds Joseph Horne Co. v. United States, 161 F.Supp. 580, 142 Ct. Cl. 451, to be inapplicable to the issue herein presented for the reasons discussed in the Petition for Rehearing in the Macy decision (255 F.2d 884, 890).

Accordingly, this Court finds Carson failed to comply with the Commissioner's regulations and having failed to file its election to use the last-in, first-out (LIFO) method of inventory, within the

time prescribed by the Commissioner of Internal Revenue, it has failed to state a claim upon which relief can be granted. The Government's motion to dismiss the complaint is granted.