**Wade A. HUBERT and Earl Hubert d/b/a Hubert Brothers, a partnership, Plaintiffs,**

v.

**FEDERAL CROP INSURANCE CORPORATION, a corporation organized and existing under and by virtue of the laws of the United States of America, Defendant.**

**Civ. A. No. 68-214.**

United States District Court
N. D. Alabama,
Northeastern Division.

Dec. 4, 1968.

Thomas K. Jefferson, Huntsville, Ala., for plaintiffs.

Macon L. Weaver, U. S. Atty., and Charles Nice, Asst. U. S. Atty., Birmingham, Ala., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GROOMS, District Judge.

This is an action to recover sums allegedly due from the defendant upon a policy of crop insurance. The action was initially instituted in the Circuit Court of Madison County, Alabama, and removed to this Court.

### FINDINGS OF FACT

The facts are found as stipulated, and are stipulated as follows:

On February 6, 1962, the plaintiffs applied for crop insurance for 1962 and succeeding crop years to cover their interest in cotton grown in Madison County, Alabama. In 1967 plaintiffs filed an acreage report showing four insurance units. All four units were thought to be in coverage Area No. 3 which has the highest production guaranty. Although at the time of the signing of the application both the plaintiffs and the agent were of the belief that all of the plaintiffs' land was entitled to Area No. 3 coverage. Paragraph C of the application provides in part as follows:

"The guaranteed production and amounts of insurance shall be those shown on the county actuarial tables for the applicable crop year on file in the county office of the Corporation. For each crop year of the contract, acreage is insurable only if it is in an area which is shown as approved for that crop year on crop insurance maps or other land identi-

fication lists included in the county actuarial tables and for which a premium rate is shown on such tables for that crop year."

On November 15, 1967, the plaintiffs gave notice of loss for all four insurance units. It was at this time discovered that two of the insurance units were actually in coverage Area No. 2 rather than No. 3. Area No. 2 has a lower production guarantee than Area No. 3, and the plaintiffs thus received $3547.80 less than they would have received had the two units been in Area No. 3. Although the production guarantee is less for Area No. 2, the premium for coverage in either area is the same. Therefore, there was no additional amount paid for the expected higher coverage.

It is stipulated between plaintiffs and defendant that the exhibits to defendant's answer heretofore filed in this cause shall be considered as evidence in the case, consisting of Exhibits A, B, C and D. In addition thereto, a copy of the acreage report is to be submitted by agreement and considered by the Court as part of the evidence in the case, and the reverse side of that acreage report is also entered by stipulation.

The application signed by the plaintiffs provides that the application is "subject to the provisions of the regulations of the Federal Crop Insurance Corporation." In addition to the provision quoted in the stipulation, the application also contains the following provision:

"Upon acceptance of this application by the Corporation the contract shall be in effect for the crop year specified above and shall continue for each succeeding crop year until cancelled or terminated in accordance with the provisions of the contract. *This application, the applicable insurance policy, endorsements, and the county actuarial tables for each crop year on file in the Corporation's office for the above county shall constitute the contract.* \* \* \*" (Emphasis supplied)

Provision 3(a) of the policy provides in pertinent part as follows:

"For each crop year of the contract the (1) premium rates, (2) guaranteed production, and (3) amounts of insurance per acre shall be those established by the Corporation for such crop year and shown on the county actuarial table on file in the county office: \* \* \*"

## CONCLUSIONS OF LAW

From the foregoing Findings of Fact the Court concludes as follows:

1. That it has jurisdiction of the subject matter and of the parties hereto.

2. That the application, the policy, and actuarial tables for the applicable crop year on file in the county office of the Corporation, must be taken together in construing the agreement between the parties.

3. That there was a mistake with respect to the coverage area, in that two of the units were actually in coverage Area 2, whereas they were all thought to be in coverage Area 3.

4. The Corporation is not bound by this error. See Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10, and Smith v. Federal Crop. Ins. Corp., 214 Miss. 55, 58 So.2d 95. In the former case it was said:

"[T]he Corporation is not a private insurance company. It is too late in the day to urge that the Government is just another private litigant, for purposes of charging it with liability, whenever it takes over a business theretofore conducted by private enterprise or engages in competition with private ventures. \* \* \* Whatever the form in which the Government functions, anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who pur-

ports to act for the Government stays within the bounds of his authority. * * *

"The oft-quoted observation in Rock Island, Arkansas & Louisiana R. Co. v. United States, 254 U.S. 141, 143, 41 S.Ct. 55, 65 L.Ed. 188, that 'Men must turn square corners when they deal with the Government,' does not reflect a callous outlook. It merely expresses the duty of all courts to observe the conditions defined by Congress for charging the public treasury. * * *"

In the latter case it was said:

"It is clear that a mistake had been made by someone in compiling the information which appeared on the work sheets in the county office and in the listing sheet that Jennings had in his possession. But the application, signed by the appellant, and the insurance policy delivered to the appellant made it plain that the coverage per acre should be that approved by the corporation and shown by practice on the 'county actuarial table.' And under the rule laid down in the Merrill case we must hold that the appellee was neither bound nor estopped by the erroneous statements made by its agents to the appellant concerning his acreage coverage at the time of the issuance of the crop insurance policy."

5. The plaintiffs' reliance upon Federal Crop Insurance Corp. v. DeCell, 222 Miss. 643, 76 So.2d 826, in which the court held that the crop insurance acreage report was not subject to change by the insured, cannot be sustained upon the theory that "it is a poor rule that doesn't work both ways," for the reason that the policy provides in paragraph 2 that "any acreage report submitted by the insured shall be binding upon the insured and shall not be subject to change by the insured," while there is no like provision binding the Corporation.

6. Plaintiffs are not entitled to a recovery herein.

7. Costs will be taxed against the plaintiffs.