BLUE, J.
 

 When we deal with the government, Justice Holmes observed, we “must turn square comers.”
 
 Rock Island, Arkansas & Louisiana R.R. Co.
 
 v.
 
 United States,
 
 254 U.S. 141, 143, 41 S. Ct. 55, 65 L. Ed. 188 (1920). This is particularly tme of tax law. The plaintiff in this tax appeal, Thomas Sung, seeks a credit against his personal Connecticut income tax for a tax paid to New York by a corporation that he wholly owns. The authority that he invokes for this credit is General Statutes § 12-704 (a), which allows a credit for certain taxes imposed by other states on “resident[s] of this state.” Because the corporation in question is not a “resident of this state,” however, the credit sought cannot be allowed.
 

 
 *464
 
 A hearing on this matter was held on January 26, 1996. Most of the relevant evidence is documentary, although a few additional facts have been established by the testimony of witnesses.
 

 The plaintiff is domiciled in Connecticut. He pays the Connecticut income tax. He is also the president and sole stockholder of Sung and Co., P.C. (corporation). The coiporation has its place of business in New York City and is incorporated in New York state. The corporation pays taxes to both New York City and New York state. There is a dispute between the parties as to whether the various New York taxes are “income taxes” for purposes of § 12-704 (a), but the analysis that I employ renders it unnecessary to resolve this dispute.
 

 The corporation is a subchapter S corporation for purposes of the federal income tax. It is not, however, a subchapter S corporation for purposes of either New York City or New York state taxes. Subchapter S status is not available for purposes of New York City taxes. It is available for purposes of New York state taxes, but the coiporation has not elected that status. Consequently, for New York City and New York state tax purposes, the corporation is a taxpaying entity entirely distinct from the plaintiff.
 

 The plaintiff filed a Connecticut resident income tax return for the calendar year 1992. He claimed credit for the New York City and New York state taxes paid by the corporation. The department of revenue services denied this credit. The plaintiff filed a timely appeal to this court.
 

 The statute invoked by the plaintiff, as already mentioned, is § 12-704 (a). That statute provides in relevant part that “[a]ny resident ... of this state shall be allowed a credit against the tax otherwise due under
 
 *465
 
 this chapter in the amount of any income tax imposed on such resident . . . for the taxable year by another state of the United States or a political subdivision thereof ... on income derived from sources therein and which is also subject to tax under this chapter.” General Statutes § 12-704 (a).
 

 The term “resident of this state” is a term of art. General Statutes § 12-701 (a) (1) defines the term as follows: “ ‘Resident of this state’ means any natural person (A) who is domiciled in this state, provided if a person (i) maintains no permanent place of abode in this state, (ii) maintains a permanent place of abode elsewhere and (iii) spends in the aggregate not more than thirty days of the taxable year in this state, such person shall be deemed not a resident or (B) who is not domiciled in this state but maintains a permanent place of abode in this state and is in this state for an aggregate of more than one hundred eighty-three days of the taxable year, unless such person, not being domiciled in this state, is in the armed forces of the United States.”
 

 When § 12-704 (a) is considered in light of the definition of “resident of this state,” it becomes clear that the plaintiffs position cannot be sustained. The plaintiff is obviously a “resident of this state.” The corporation, just as obviously, is not. This is so for two different reasons. First, the corporation is not a “natural person.” Second, the corporation is not domiciled in this state and does not maintain a permanent place of abode in this state. (Nor, of course, is it in the armed forces of the United States.) Because the corporation is not a “resident of this state,” the plaintiff cannot claim a tax credit for taxes that the corporation has paid.
 

 Under the terms of § 12-704 (a), a “resident of this state,” in this case, the plaintiff, can only claim credit for
 
 *466
 
 “any income tax
 
 imposed on such resident.
 
 ” (Emphasis added.) The term “such resident” plainly refers to the “resident of this state” claiming the credit. In this case, however, the taxes in question were imposed on the corporation, which is not a “resident of this state.” A § 12-704 (a) credit is, consequently, unavailable to the plaintiff.
 

 For the reasons previously stated, judgment shall enter for the defendant.