# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued February 25, 2014           Decided April 8, 2014

No. 13-1146

REMINGTON LODGING & HOSPITALITY, LLC,
PETITIONER

v.

NATIONAL LABOR RELATIONS BOARD,
RESPONDENT

———

On Petition for Review of an Order
of the National Labor Relations Board

———

*Jared D. Cantor*, Attorney, National Labor Relations Board, argued the cause for respondent. With him on the briefs were *Richard F. Griffin*, *Jr.*, General Counsel, *John H. Ferguson*, Associate General Counsel, *Linda Dreeben*, Deputy Associate General Counsel, and *Julie B. Broido*, Supervisory Attorney. *Milakshmi V. Rajapakse*, Attorney, entered an appearance.

*Karl M. Terrell* argued the cause and filed the brief for petitioner. *Arch Y. Stokes* entered an appearance.

Before: TATEL, BROWN, and MILLETT, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* TATEL.

TATEL, *Circuit Judge*: The National Labor Relations Board moves to transfer this petition for review of one of its orders to the Ninth Circuit where another petition for review of the same order has been filed. For the reasons set forth below, we grant the motion.

**I.**

Recognizing that those aggrieved by a single agency action may petition for review in different courts of appeals, Congress established rules, codified at 28 U.S.C. § 2112(a), to consolidate such proceedings in a single court. If within ten days of issuing an order, the agency "receives, from the persons instituting the proceedings," 28 U.S.C § 2112(a)(1), a petition for review that has been "stamped by the court with the date of filing," *id.* § 2112(a)(2), then the agency must file the relevant record in that court of appeals "notwithstanding the institution in any other court of appeals of proceedings for review of that order," *id.* § 2112(a)(1). But if within the ten-day period, the agency "receives, from the persons instituting the proceedings," two or more court-and-date-stamped petitions relating to the same order filed in *different* courts of appeals, then the Judicial Panel on Multidistrict Litigation "shall, by means of random selection," designate in which court of appeals the agency shall file the record. *Id.* § 2112(a)(1), (3). In either case, all other courts of appeals must then transfer any related proceedings to the court in which the agency files the record. *Id.* § 2112(a)(5).

Remington Lodging and UNITE HERE! Local 878 ("the Union") have both petitioned for review of the same National Labor Relations Board order, though they have done so in different circuits. The Union filed its petition for review in the Ninth Circuit. To satisfy section 2112(a)(1), it then promptly mailed a court-and-date-stamped copy to the Board. Remington filed its petition for review in this court. Unlike

the Union, it never personally transmitted a court-and-date-stamped copy to the Board. Instead, this court's Clerk's Office, acting pursuant to section 10(f) of the National Labor Relations Act, which directs the clerk to "forthwith" transmit "[a] copy of" any filed petition for review to the Board, sent the Board a copy of Remington's petition. 29 U.S.C. § 160(f). Although the Board concedes that it received this court-and-date-stamped copy within section 2112(a)(1)'s ten-day time limit, it argues that it did not "receive" the copy "*from* the persons [i.e., Remington] instituting the proceedings." *See* 28 U.S.C. § 2112(a)(1) (emphasis added). Claiming that it therefore received only the Union's petition within the statutory ten-day period, the Board moves to transfer this case to the Ninth Circuit. *See id.* § 2112(a)(5). Remington opposes the motion, insisting that the Clerk's Office's transmission of the petition pursuant to section 10(f) satisfied section 2112(a)(1).

## II.

The parties agree that the question before us turns on whether the Clerk's Office's transmission to the Board of the court-and-date-stamped copy of Remington's petition qualifies as a petition "receive[d]" by the Board "from the persons instituting the proceedings." If it does not (the Board's position), then we must transfer this petition to the Ninth Circuit. If it does (Remington's position), then the Judicial Panel on Multidistrict Litigation will randomly select which court of appeals will hear the challenges to the Board's order.

According to the Board, section 2112(a)(1)'s language—requiring receipt "from the persons instituting the proceedings"—means what it says: that "it is the petitioner's (and not the court's) service of a court-stamped petition on the agency that is determinative." Respondent's Br. 9. This also

makes policy sense, the Board contends, because it "rightly places the responsibility in the hands of the party seeking to secure the protection of Section 2112" and allows the agency to "promptly move to secure the proper forum without waiting for a clerk's office to process and serve the petition for review." Respondent's Br. 10. And, as the Board points out, both this and the Second Circuit have, in unpublished opinions, found section 2112(a)(1) unsatisfied where the Board received the petition for review only from the Clerk's Office. *See Omaha World-Herald v. NLRB*, No. 12-1005 (D.C. Cir. May 14, 2012); *Local Union 36 v. NLRB*, No. 10-3448 (2d Cir. Dec. 28, 2010).

The Board's position finds ample support in section 2112(a)'s text, which expressly requires that the Board "receive" the petition "from the persons instituting the proceedings." The Board may "receive[]" a petition "from the persons instituting the proceedings" in a number of ways: the petitioner might deliver the petition personally; send it through an agent, such as a messenger; or mail it. But under no ordinary reading of the statutory language would Board receipt of a mailing from the Clerk's Office qualify as one "receive[d] from the persons instituting the proceedings." Were we to interpret "receives[] from the persons instituting the proceedings" to include receipt from the Clerk's Office—the only other entity from which the Board might receive a court-and-date-stamped copy of a petition for review—section 2112(a)'s receipt requirement would become meaningless. *See Lamie v. U.S. Trustee*, 540 U.S. 526, 536 (2004) (recognizing "preference for avoiding surplusage constructions"). If Congress had intended the rule Remington urges, it would have simply left the critical phrase out, so that the statute would have read: "[i]f within ten days after issuance of the order. . . [the Board] receives~~, from the~~

~~persons instituting the proceedings,~~ the petition for review . . . ."

Remington's reliance on the mailing by the Clerk's Office ignores the fact that sections 10(f) and 2112(a) perform very different functions. Compliance with section 10(f) initiates judicial review of a Board order and notifies the Board that a petitioner seeks review. Compliance with section 2112(a) informs the Board that the petitioner seeks to take advantage of the optional procedure for preserving its choice of forum. Because every petitioner seeking review of a Board order must comply with section 10(f), section 2112(a) can serve its separate notice function only if petitioners wishing to take advantage of that section's forum selection procedure comply with it separately.

Finally, far from being "absurd" or a meaningless formality, Pet'r's Br. 14, requiring petitioners to comply personally with section 2112(a) makes a good deal of sense. It both alerts the agency that the petitioner cares about its chosen forum and, as the Board explains, imposes the burden of compliance on the party seeking to benefit from section 2112(a). In any event, Congress can make litigants "turn square corners." *Rock Island, Arkansas & Louisiana Railroad Co. v. United States*, 254 U.S. 141, 143 (1920).

### III.

We grant the Board's motion to transfer this petition for review to the Ninth Circuit.

*So ordered.*