Stella GRAHAM, Plaintiff,

v.

PANAMA CANAL COMPANY

and

Compania Colombiana De Navegacion Maritima, Ltda., Defendants.

Civ. No. 4096.

District Court, Canal Zone Division Balboa.

Feb. 1, 1955.

Van Siclen, Ramirez & de Castro, Ancon, Canal Zone, for plaintiff.

Paul A. Bentz, David J. Markun, Balboa Heights, Canal Zone, and Francis F. Sulley, for defendant, Panama Canal Co.

L. S. Carrington, Ancon, Canal Zone, and Carlos Icaza A, Panama, Republic of Panama, for defendant, Compania Colombiana De Navegacion Maritima, Ltda.

CROWE, District Judge.

The Court overruled the defendant Panama Canal Company's demurrer to the plaintiff's original complaint because there was no allegation therein that the ship on which plaintiff was a passenger had transited the canal and a good cause of action was set forth in the complaint under the general laws of negligence and under the general waiver of sovereign immunity authorized by Congress in setting up the defendant as a corporation with power to "sue and be sued."

The defendant, Panama Canal Company, in its answer thereafter set up in Paragraph V as a defense that the ship on which the plaintiff was a passenger, the S.S. Columbia "transited" the Panama Canal "on the day of the alleged accident" and that their action is cognizable under Section 10 of Title 2 of the Canal Zone Code, as amended by the Act of September 26, 1950, Chapter 1049, 64 Stat. 1038, as the injury complained of occurred on the launch Cormorant owned and operated by the Panama Canal Company and "at the time of said alleged accident, was in the waters of the Canal Zone and engaged in a service rendered in connection with the operation of the said Canal, to wit: the carriage of cargo and/or crew and passengers of a transiting ship, the S.S. Columbia."

Paragraph (b) of Section 10, Title 2, referred to above is as follows:

" '(b) Injuries Other Than in Locks.—The Panama Canal Company shall promptly adjust and pay damages for injuries to vessels, or to the cargo, crew, or passengers of vessels which may arise by reason of the presence of such vessels in the waters of the Canal Zone, other than the locks, when the injury was proximately caused by negligence or fault on the part of any officer or employee of the corporation acting within the scope of his employment and in the line of his duties in connection with the operation of the canal: Provided, however, that in any case wherein the negligence or fault of the vessel, master, crew, or passengers proximately contributed to the injury, the award of damages shall be diminished in proportion to the negligence or fault attributable to the said vessel, master, crew, or passengers: And provided further, That in the case of any vessel which is required by or pursuant to regulations prescribed under section 9 of this title, as amended, to have a Panama Canal pilot on duty aboard, no damages shall be adjusted and paid for injuries to any vessel, or to the cargo, crew, or passengers of any such vessel, incurred while the vessel was under way and in motion, unless at the time such injuries were incurred the navigation or movement of the vessel was under the control of a Panama Canal pilot.' "

Defendant further stated in sub-paragraphs 2 and 3 of Paragraph V of its answer that plaintiff had not set forth sufficient facts to constitute a cause of action and this court has no jurisdiction of the action because the complaint fails to allege facts showing compliance with paragraphs (f) and (g) of Section 10, Title 2, referred to which are as follows:

" '(f) Actions on Claims.—Any claimant for damages under this section who considers himself aggrieved by the findings, determination, or award of the Panama Canal Company in reference to his claim may bring an action on such claim against the said corporation in the United States District Court for the District of the Canal Zone; and in any such action the provisions of this section relative to the deter-

mination, adjustment, and payment of such claims, and the provisions of the regulations established under section 9 of this title, as amended, relative to navigation of Canal Zone waters and to transiting of the Panama Canal, shall be applicable. No action for damages which is cognizable under this section shall lie against the said corporation otherwise, or in any other court, than as provided in this paragraph, or shall lie against any officer or employee of the corporation: Provided, however, That nothing in this paragraph shall be construed to prevent or prohibit actions against officers or employees of the said corporation for damages for injuries resulting from acts of such officers or employees outside the scope of their employment or not in the line of their duties or from acts of such officers or employees committed or performed with intent to injure the person or property of another. Actions under this paragraph shall be tried by the court without a jury.

" '(g) Investigation Before Vessel's Departure.—Notwithstanding any other provisions of law, no claim shall be considered under this section, nor shall any action for damages lie thereon, unless, prior to the departure from Canal Zone waters of the vessel involved, the investigation by the competent authorities of the accident or injury giving rise to such claim shall have been completed, and the basis for the claim shall have been laid before the corporation.' "

The plaintiff demurred to the answer of the defendant on the grounds that the allegations set forth in paragraph V of the answer do not set forth facts sufficient to constitute a defense but the court overruled the demurrer holding that as pleaded the case was within Section 10 of Title 2 for the accident causing the injury occurred on the launch operated by the Panama Canal Company "in the line of duties in connection with the operation of the Canal."

Thereafter the plaintiff filed an amendment to the complaint. The principal facts alleged were that the plaintiff had no "knowledge or reason to believe" that she should have requested or caused detention of the ship on which she was a passenger until an investigation was had in compliance with the statute and the Court sustained the demurrer on the grounds that where the government permits itself to be sued and relinquishes its sovereign immunity it may impose any restriction it sees fit and such restriction must be rigidly adhered to by any one attempting to sue.

■■ Plaintiff was given an opportunity to amend and this amendment was duly filed and the parties have presented briefs stating their respective arguments.

Unfortunately for the injured plaintiff the court is of the opinion that the amendment does not improve her position because of her failure to comply with the terms of the statute in laying the basis for her claim before the corporation prior to the vessel's departure.

Plaintiff has in her amendment laid the blame for the sailing of the vessel without the investigation necessary to perfect plaintiff's claim on the Panama Canal Company and has again pleaded that due to plaintiff's ignorance of the law and the statute in question that she failed to request or cause the detention of the ship for the initiation and completion of the investigation. She has however stated further that "subsequent to departure of S.S. Columbia from Canal Zone waters" she "duly made a claim for the damages sustained by her and proximately caused by the injuries sustained by her as aforesaid."

She does not in her pleading allege that she made claim for damages or requested the detention of the ship by the authorities before departure nor does she allege inability by reason of her injuries to take the statutory steps to make her

claim. Instead she merely alleges that she was ignorant of the duties imposed upon her and the company and that the company was at fault because the control of sailing of the vessel and the making of the investigation lay in its hands.

The Court agrees of course that such control is completely out of the hands of the plaintiff and the plaintiff could not have brought about the investigation unless the company was willing but she could have requested it and she could have laid the claim before the corporation before her departure on the vessel so that it could have either acted upon it or refused to act as it chose.

To permit her to come in now would completely nullify the statute. Apparently the statute was designed to give injured persons a right of redress against the government corporation and waive its sovereign immunity only when the corporation has had an opportunity to have complete information and be in possession of all of the facts. To effectuate this, Congress said there must be (1) an investigation prior to the departure of the vessel involved and (2) the basis of the claim shall have been laid before the corporation.

In the case at bar it is quite probable that a hardship might be created but obviously in writing the act Congress was impressed with the idea that the corporation would be subject to many claims and suits involving facts outside its knowledge unless rigid conditions were imposed that would give it an opportunity to investigate and weigh the evidence. In the case of Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 68 S.Ct. 1, 2, 92 L.Ed. 10 the plaintiff was ruled against even though he had been misled by the employee and agent of the government corporation but Justice Frankfurter said:

"The case no doubt presents phases of hardship. We take for granted that, on the basis of what they were told by the Corporation's local agent, the respondents reasonably believed that their entire crop was covered by petitioner's insurance",

but the Justice said further:

"Whatever the form in which the Government functions, anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority. The scope of this authority may be explicitly defined by Congress or be limited by delegated legislation, properly exercised through the rule-making power. And this is so even though, as here, the agent himself may have been unaware of the limitations upon his authority."

The Justice also said:

"Accordingly, the Wheat Crop Insurance Regulations were binding on all who sought to come within the Federal Crop Insurance Act [7 U.S. C.A. § 1501 et seq.], *regardless of actual knowledge of what is in the Regulations or of the hardship resulting from innocent ignorance.*" (Italics supplied.)

The Court is not prepared to say at this time what would happen if the injured party demanded an investigation before the ship sailed and the authorities failed to comply for those facts are not before it nor can it determine what would happen were the injured party totally incapacitated by the accident to the point where the vessel would sail without the party injured being able to present his request for the investigation or lay the foundation for the claim. It may well be that in such a case a plea in avoidance would lie.

We have no such set of facts here pleaded however and the applicable rule is well expressed by Mr. Justice Holmes in Rock Island, Arkansas & Louisiana R. Co. v. United States, 254 U.S. 141, 41 S.Ct. 55, 56, 65 L.Ed. 188:

"Men must turn square corners when they deal with the Government. If it attaches even purely formal conditions to its consent to be sued those conditions must be complied with."

For the above reasons the Court sustains the defendant, Panama Canal Company's demurrer and the plaintiff is not granted leave to amend as it appears that plaintiff has had ample opportunity to amend and all available facts have been pleaded.