**EMPRESA HONDURENA de VAPORES, S.A., Plaintiff,**

v.

**PANAMA CANAL COMPANY, Defendant.**

Civ. No. 75–0405–B.

United States District Court, D. Canal Zone, Balboa Division.

May 18, 1976.

Roy P. Phillipps, Balboa, Canal Zone, for plaintiff.

J. R. Dunworth, Balboa Heights, Canal Zone, for defendant.

ORDER DISMISSING COMPLAINT

CROWE, District Judge.

On December 8, 1974 in the Balboa outer anchorage there occurred a collision between the plaintiff's vessel, s/s TENADORES, and the m/v CLYDEBANK, which at the time of the collision was being operated under the control of a pilot employed by defendant Panama Canal Company. This suit grows out of that collision.

On defendant's motion to dismiss, a single issue presents itself for consideration; i. e., is the presentation of an administrative claim a jurisdictional condition precedent to filing suit against the Canal Company? This court has determined that it is.

■ The Panama Canal Company is an agency of the United States of America. 76A Stat. 8–15. The United States, as sov-

---

ereign, is under no obligation to provide a remedy through the courts against itself. *Cook v. United States*, 115 F.2d 463 (5th Cir. 1940). No action lies against the United States unless the legislature has authorized it. *Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). The consent of the government to be sued must be strictly construed. *Sprouse v. Federal Prison Industries, Inc.*, 480 F.2d 1 (5th Cir. 1973). When the sovereign waives immunity by statute, exact compliance with provisions of that statute is a condition precedent to maintenance of suit. *Childers v. United States*, 442 F.2d 1299 (5th Cir. 1971). Sections 291–295 of Title 2 of the Canal Zone Code set forth the types of claims arising from operation of the Panama Canal, the method of determining damages payable on claims, and methods of settlement of those claims. Section 296 of Title 2 provides authority for bringing suit on claims not settled to the satisfaction of a claimant. The section states that "a claimant for damages . . . who considers himself aggrieved by the findings, determination, or award of the Panama Canal Company in reference to his claim may bring an action on the claim . . . ." This section of the code amounts to a waiver of sovereign immunity when a claim has been filed and no amicable agreement can be reached. *Graham v. Panama Canal Company*, 139 F.Supp. 271 (D.C.Z.1955). Section 296 explicitly states that "An action for damages cognizable under this section shall not lie against the Company, otherwise . . . than so provided in this section . . . ." When no claim has been filed, no suit will lie, *Sharp v. Panama Canal Company*, Civil No. 4687–B (D.C.Z.1962).

■ When there has been no claim filed, there can be no "claimant . . . who considers himself aggrieved by the findings, determination, or award of the Panama Canal Company" (2 C.Z.C. § 296) and there can be no "action on the claim" (2 C.Z.C. § 296). There is therefore, no subject matter over which the Court may exercise its jurisdiction. The sovereign immunity of the United States is only waived by statute and then only when all provisions of the

statute receive strict compliance. When a plaintiff fails to comply with a condition precedent to bringing suit (i. e., the filing of a claim), the United States, as sovereign is immune from suit and the Court lacks jurisdiction over its person.

Since plaintiff herein admits that no claim has been presented to the Canal Company as required by § 296, the complaint must be and is hereby ordered dismissed.