**A/S D/S SVENDBORG and D/S af 1912 A/S, as owners of the M/V MARGRETHE MAERSK, Plaintiffs-Appellees,**

v.

**PANAMA CANAL COMPANY,** Defendant-Appellant.

No. 79–2675
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 29, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

James R. Dunworth, Dwight A. McKabney, John L. Haines, Jr., Balboa Heights, Canal Zone, for defendant-appellant.

Walter Carroll, Jr., New Orleans, La., for plaintiffs-appellees.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

PER CURIAM:

The Panama Canal Company (Company) brings this interlocutory appeal challenging the denial of its motion to dismiss. The Company contends that C.Z. Code tit. 2, § 296 requires that an administrative claim be presented to it prior to the commencement of suit against it. The district court held there is no such requirement. We affirm.

While under the control of a Company pilot, and while in a lock of the Canal, the M/V MARGRETHE MAERSK was damaged. The shipowner immediately notified the Company, which sent a surveyor to inspect the damage. The next day the Board of Local Inspectors began an administrative hearing which was adversary in nature—both the shipowner and the Company were represented. The Board found there was no fault attributable to the vessel, her master, officers or crew, and that there was fault attributable to two Company employees. The Board estimated the damage at $12,500.00. Three years later, during which time the Company did not adjust or pay damages for the injury to the vessel, C.Z. Code tit. 2, § 291, the shipowner filed suit.

The Company immediately moved for dismissal of the complaint arguing that no claim had been filed as is required by C.Z. Code tit. 2, § 297. The district court held that the requirements of § 297 were met, and denied the motion. It then certified the appeal pursuant to 28 U.S.C. § 1292(b), and an order was entered by this court on June 6, 1979, granting leave to appeal.

Section 297 of C.Z. Code tit. 2 provides:

Notwithstanding any other law, a claim may not be considered under this subchapter, or an action for damages lie thereon, unless, prior to the departure from Canal Zone waters of the vessel involved:

(1) the investigation by the competent authorities of the accident or injury giving rise to the claim has been completed; and

(2) the basis for the claim has been laid before the Panama Canal Company.

There is no allegation that subsection (1) was not complied with; the dispute involves what is required to comply with subsection (2).

The Company contends that the language of § 296 indicates an administrative claim was intended by Congress as a condition precedent to suit by a shipowner to recover for damage to the vessel. This section provides that suit may be brought by a claimant "who considers himself aggrieved by the findings, determination, or award of the Panama Canal Company in reference to his claim." That, according to the Company, makes it clear that § 297(2) contemplates a formal claim be filed.

The shipowner contends that Congress knows how to require a claim to be submitted in writing, see, e. g., the Federal Tort Claims Act, 28 U.S.C. § 2401(b), and its failure to so state in the Canal Zone Code must mean that is not what it intended. It further argues that the requirements of § 297(2) were met by giving the Company notice of the damage. The district court agreed, apparently holding that § 297(2) requires only that notice of and an opportunity to investigate the damage be given the Company.

Although we agree with the result reached by the district court, we do so for slightly different reasons. In *Gulf Oil Corp. v. Panama Canal Co.*, 407 F.2d 24, 30 (5th Cir. 1969), the court admonished that § 297 should not be construed so as to undercut the sweeping waiver of sovereign immunity present in the Code which effectively imposes traditional liabilities on the

Company. The parties have not directed us to any legislative history on § 297(2), nor have we found any.

Had Congress intended for § 297(2) to require submission of a written claim to the Company, it would have so stated. Instead, it appears that § 297(2) was inserted merely to insure that the investigation conducted pursuant to § 297(1) is not done ex parte. That is, the shipowner is required to have the damage investigated and have the Company apprised of the basis for the claim before leaving the Canal. In this case the Company was apprised of the damage and the basis for the claim [1] through the decision of the Board of Local Inspectors. The combination of the notice of the damage and the decision of the Board gave the Company an opportunity to investigate the damage on its own, permitted it to argue before the Board that the damage was not attributable to the fault of its employees, and gave it notice that an impartial tribunal had found it at fault in the damage.

Because we hold that § 297(2) requires no more notice than that which was given here through the decision of the Board, we AFFIRM.[2]

1. The "basis for the claim" is more than notice of the damage. The basis for the claim in this case was that the damage was caused by Company employees and that the Board so found.

2. We recognize the the District Court for the Canal Zone has held that § 297(2) requires the presentation of an administrative claim as a jurisdictional condition precedent to filing suit against the Canal Company. *Empresa Hondurena de Vapores, S.A. v. Panama Canal Co.*, 414 F.Supp. 363 (D.C.Z.1976). That decision, however, rests on a strict construction of the waiver of sovereign immunity found in C.Z. Code tit. 2, § 296. Because strict construction of the waiver of sovereign immunity as to the Company was expressly rejected by this court in *Gulf Oil Corp. v. Panama Canal Co.*, 407 F.2d 24 (5th Cir. 1969), we decline to adopt the reasoning of *Empresa Hondurena*.