**PROGRESSIVE BROTHERS CONSTRUCTION COMPANY, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 50–88C.

United States Claims Court.

April 7, 1989.

Gary Cook, Cleveland, Ohio, for plaintiff.

Richard P. Nockett, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for defendant.

## OPINION

MARGOLIS, Judge.

This contract case is before the court on defendant's motion for summary judgment. The defendant asserts that plaintiff signed a valid release of claims under the disputes clause of the contract and that this release bars any subsequent action against the government. Plaintiff contends that the release was signed under duress and requests the opportunity to prove that it did not intend to waive any claims by accepting a final progress payment. The court has determined that the plaintiff has failed to establish that a genuine issue of material fact exists, and that the defendant is entitled to judgment as a matter of law. Accordingly, the defendant's motion for summary judgment is granted.

## FACTS

The plaintiff, Progressive Brothers Construction Company, brings this claim against the United States Veterans Administration (VA), for damages under Contract No. V541C–426. The contract was for the construction of a warehouse addition at the VA Medical Center in Brecksville, Ohio. After work on the project was substantially complete, plaintiff, by letter dated November 14, 1986, submitted a claim to the contracting officer seeking an equitable adjustment in the contract price for work done outside the scope of work outlined in the contract due to alleged design defects, change orders and delays. The plaintiff requested $16,629 in additional compensation. The contracting officer denied plaintiff's claim in a final decision on January 23, 1987.

A proposed settlement agreement, signed by the contracting officer, was sent to the plaintiff on May 28, 1987. On June 1, 1987, the contracting officer sent to the plaintiff a statement for the fourteenth and final payment to be paid under the contract in the amount of $6,919. Along with the statement, the contracting officer sent a final settlement memorandum that contained a release of claims to be executed by the plaintiff and returned prior to the final payment. The release of claims provision provided:

> For and in consideration of the payments heretofore made, and payment of the above recited sum now due by reason of performance of the above contract, the undersigned contractor hereby releases and discharges the United States of America of and from all liabilities, obligations and claims whatsoever under or arising out of said contract, *except the following:*
> *Specific Claims:*

(Emphasis added). The release form thus provided a specific procedure for the preservation of claims outside the scope of a settlement.

On June 16, 1987, plaintiff wrote a letter to the contracting officer proposing to reduce the final payment from $6,919 to $5,919, and to leave a balance due of $1000

"plus claims that have not been settled." The contracting officer rejected plaintiff's proposed changes by letter dated June 18, 1987. The June 18, 1987 letter stated:

> By signing the settlement does not waive your right to file a claim in accordance with the Disputes Clause. This settlement may be signed, *claims noted* and the claim submitted as stated in the above clause. We cannot accept the changes you made.

(Emphasis added). The final payment statement and release form was executed by plaintiff, through its President, David L. Morrow, on August 3, 1987. On the release form, the plaintiff failed to specifically enumerate any claims. Following receipt of the final payment statement and the signed release of claims, payment of $6,919 was approved by the contracting officer and made to the plaintiff.

On January 22, 1988, plaintiff commenced this action under the Contract Disputes Act, 41 U.S.C. § 601 *et seq.*, appealing the contracting officer's denial of its claim on January 23, 1987, and seeking damages of at least $10,000. Defendant asserts that the release form executed by the plaintiff on August 3, 1987 insulates the defendant from any contractual liability. The execution of a general release, defendant argues, bars the plaintiff from asserting claims against the government arising out of the contract because no claims were specifically excepted or preserved on the release form as required. Defendant contends that no genuine issue of material fact exists, and therefore, its motion for summary judgment should be granted.

Plaintiff asserts that there is a genuine issue of material fact concerning its intent to waive future claims when it signed the release document on August 3, 1987. Plaintiff argues that David L. Morrow, plaintiff's President, signed the release under economic duress resulting from state-

ments made in the letter dated June 18, 1987 and conversations with the contracting officer, and that plaintiff had "no intention to waive any disputes that existed between Progressive Brothers, Inc. and the Veterans Administration."* Thus, plaintiff contends there is a genuine issue of material fact in dispute that precludes summary judgment for the defendant.

## DISCUSSION

### A. *Execution of a Release*

■ It is well settled that the execution of a release discharges the government of all claims and demands arising out of a contract. As this court stated in *Clark Mechanical Contractors, Inc. v. United States*, 5 Cl.Ct. 84 (1984):

> [W]here a contractor has the right to reserve claims from the operation of a release, but fails to exercise that right, ... it is neither improper nor unfair, absent some vitiating or aggravated circumstance,[ ] to preclude the contractor from maintaining a suit based on events which occurred prior to the execution of the release.

*Id.* at 86 (citing *H.L.C. & Associates Construction Co. v. United States*, 176 Ct.Cl. 285, 293, 367 F.2d 586, 590 (1966)).

■ Absent certain specific circumstances, a claim can not be prosecuted following the execution of a general release. In *J.G. Watts Construction Co. v. United States*, 161 Ct.Cl. 801 (1963), the Court of Claims limited the circumstances under which a contractor can bring suit to certain distinct situations: "where it is shown that, by reason of a mutual mistake, neither party intended that the release cover a certain claim;" or "where the conduct of the parties in continuing to consider a claim after the execution of the release makes plain that they never construed the release as constituting an abandonment of the claim;" or "where fraud or *duress* is involved."

---

* At the hearing on the motion for summary judgment held on February 28, 1989, the plaintiff abandoned the contention, which appeared to be made in its pleadings, that the plaintiff had been misled into signing the release by misrepresentations made by the government. Transcript at 13. Instead, plaintiff's counsel argued, for the first time, that plaintiff's President, David L. Morrow, signed the release under economic duress. *Id.* at 15–16. The plaintiff filed an affidavit to support this contention on March 7, 1989.

*Id.* at 806–07 (emphasis added). If a plaintiff fails to demonstrate that the release was ineffective because of one of these specific circumstances, it is precluded from bringing suit against the government. In addition, in evaluating such claims "[e]xceptions to releases are strictly construed against the contractor." *Mingus Constructors, Inc. v. United States,* 812 F.2d 1387, 1394 (Fed.Cir.1987).

### B. *Standards Governing Summary Judgment*

The defendant filed a motion for summary judgment under Rule 56 of the United States Claims Court contending that there are no genuine issues of material fact as to the plaintiff's allegations and that the defendant is entitled to judgment as a matter of law. Plaintiff opposes the motion maintaining that there is a genuine material issue as to whether the plaintiff intended to waive all future claims in executing the release and whether plaintiff executed the release under duress, thus rendering it unenforceable.

The policies underlying Rule 56 emphasize the use of the procedure "to secure the just, speedy, and inexpensive determination of every action." Rule 1(a), RUSCC. Rule 56 is an integral part of the framework of the Rules and is intended to foster the prompt elimination of claims and defenses that the proponent cannot factually support. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The court finds the policies behind the rule particularly compelling in cases where, such as here, the law concerning the effect of a release is clear, and a plaintiff merely seeks to escape its own procedural errors. This Rule 56 procedure should not be viewed, however, as an unwarranted judicial shortcut. The court has found that the plaintiff's claims, standing alone, are insufficient to withstand defendant's motion.

Rule 56 requires that the moving party demonstrate that it is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The court must then determine whether the issue presented by the pleadings of the party opposing summary judgment is *material,* *i.e.,* whether a decision on the factual dispute is essential to a decision on the motion. Disputes over facts pertaining to immaterial issues will not preclude summary judgment. The inquiry must then proceed to whether there exists a *genuine* factual dispute over the issue. In determining whether to grant a motion for summary judgment, the court must assess the proof offered by the non-moving party independently to determine whether a genuine issue exists. The court must resolve any reasonable doubts against the moving party. *Housing Corporation of America v. United States,* 199 Ct.Cl. 705, 710, 468 F.2d 922, 924 (1972).

█ It should be emphasized in outlining these standards that general principles are difficult to articulate because factual circumstances vary so widely from case to case. A mere dispute over the facts will not, by necessity, preclude summary judgment. The legal question before the court is whether the factual issue is *genuine,* *i.e.,* whether an inference adverse to the moving party, based on the opponent's showing is reasonable and sufficiently plausible to preclude judgment for the movant as a matter of law.

█ The defendant has established that it is entitled to judgment as a matter of law. It is undisputed that the plaintiff executed the release form and that the plaintiff's President, David L. Morrow, signed the release without excepting or preserving any claims on the form as required. Furthermore, it is undisputed that the defendant refused to accept the method proposed by the plaintiff of simultaneously accepting payment and attempting to assert additional claims by reducing the amount of the final progress payment by $1,000. Plaintiff accepted the final progress payment in full. These undisputed facts, standing alone, the court concludes, entitle the defendant to judgment as a matter of law. The inquiry must now turn to the plaintiff's showing to determine whether it has submitted proof sufficient

to escape defendant's motion. The plaintiff must establish facts tending to create a reasonable and plausible inference that one of the specific factual situations absolving a claimant of the effect of a general release is present in this case.

### 1. *Intent to Preserve Future Claims*

■ Plaintiff's pleadings essentially present two issues—one is material, the other is not. The question of whether the plaintiff subjectively intended to waive future claims is, as a matter of law, immaterial. Mere allegations that a contractor did not intend to waive additional claims against the government do not overcome the preclusive effect of the execution of a general release. *See Mingus,* 812 F.2d at 1394. The burden is on the contractor "to make adequate exceptions on the release form prior to receiving final payment in order to preserve his claims." *Id.* at 1393–94. Moreover, a party contracting with the government is charged with knowledge of applicable law and regulations, regardless of its subjective knowledge or intent. *Federal Crop Insurance Corp. v. Merrill,* 332 U.S. 380, 384–85, 68 S.Ct. 1, 3–4, 92 L.Ed. 10 (1947) (" 'Men must turn square corners when they deal with the Government.' " quoting *Rock Island, Arkansas & Louisiana Railroad Co. v. United States,* 254 U.S. 141, 143, 41 S.Ct. 55, 56, 65 L.Ed. 188 (1920)); *Peters v. United States,* 694 F.2d 687, 696 (Fed.Cir.1982) This principle is true too in the execution of a release. A contractor can assert a claim after the execution of a final release only if it falls under one of the exceptions enumerated in *J.G. Watts.*

Ordinarily, "summary judgment may not be used to determine intent" *KangaROOS U.S.A., Inc. v. Caldor, Inc.,* 778 F.2d 1571, 1577 (Fed.Cir.1985) (citing *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962)). However, the subjective intent of the plaintiff is not a material issue. The law requires that a contractor manifest intent to assert future claims by specifying them on the release form. The subjective and unmanifested intention of the plaintiff will not avoid the otherwise absolute effect of a release. *H.L.C. & Associates Construction,* 176 Ct.Cl. at 295, 367 F.2d at 592. Plaintiff's effort to assert a claim on June 16, 1987, was unequivocally denied by the contracting officer on June 18, 1987. Regardless of plaintiff's intention, the release was complete on its face and did not specify any claims. Because the issue of whether plaintiff subjectively intended to waive future claims by signing a release is immaterial, allegations on these grounds will not preclude summary judgment.

### 2. *Duress*

■ The second issue presented by the plaintiff's pleadings is whether the plaintiff's President, David L. Morrow, signed the release under economic duress rendering the release of claims unenforceable. A claim can be prosecuted following the execution of a release, if the release was signed under duress. *J.G. Watts,* 161 Ct.Cl. at 807. Because duress *can* provide a legal basis for plaintiff to bring suit, the issue of whether plaintiff was subjected to duress by the government is material. The court must assess the plaintiff's proof to determine whether the issue is *genuine.*

Plaintiff asserts that the letter dated June 18, 1987, and conversations with the contracting officer led Morrow to believe that if he did not sign the release form he would not be paid the final progress payment. In particular, Morrow states in his affidavit that the contracting officer, Ms. Patricia Hackett, "insisted" that he sign the release and that the "requirement that he sign the release in order to receive final payment caused him duress."

In *Selmer Co. v. Blakeslee–Midwest Co.,* 704 F.2d 924 (7th Cir.1983), Judge Posner outlined the standards governing allegations of economic duress where a party attempts to render a release of claims unenforceable. Judge Posner stated that "[t]he fundamental issue in a duress case is therefore not the victim's state of mind but whether the statement that induced the promise is the kind of offer to deal that we want to discourage, and hence that we call a *'threat.'* " *Id.* at 927. The court conclud-

ed that the standard for establishing duress is high because "it will make an inference of duress inescapable in any negotiation where one party makes an offer from which it refuses to budge, for the other party will always be able to argue that he settled only because there was a (figurative) gun at his head." *Id.* The Court of Claims has subscribed to this high standard in cases involving economic duress stating that "the mere stress of business conditions will not constitute duress." *Fruhauf Southwest Garment Co. v. United States,* 126 Ct.Cl. 51, 62, 111 F.Supp. 945, 951 (1953).

In *G.M. Shupe, Inc. v. United States,* 5 Cl.Ct. 662 (1984), the Claims Court considered the plaintiff's argument that it should not be bound by the release of claims it signed before receiving a final progress payment because of economic duress. The court stated:

> In order to substantiate the allegations of economic duress, plaintiff must show more than a reluctance to accept the release and of financial embarrassment. Plaintiff must prove that the duress in question resulted from defendant's conduct and not by the plaintiff's necessities.

*Id.* at 674. The court rejected the plaintiff's duress argument, noting that the plaintiff had failed to show that the government was guilty of any coercive acts relating to plaintiff's voluntary execution of the release. *Id.*

Turning to the plaintiff's showing in this case, it is apparent that the June 18, 1987 letter to the plaintiff does not constitute a "threat" that would provide a sufficient basis for establishing duress. The plaintiff has failed to establish that its President, David L. Morrow, was forced to sign the release under a "threat" as though "there was a (figurative) gun at his head." *Selmer,* 704 F.2d at 927. Likewise, the court is not convinced that the conversations with the contracting officer, referenced in Morrow's affidavit and the pleadings, forced him to involuntarily sign the release. The plaintiff has failed to show any genuinely coercive acts on the part of the government. Accordingly, plaintiff has failed to establish that a genuine material factual issue exists with respect to the allegations that plaintiff's President signed the release under duress.

## CONCLUSION

The court has determined that the plaintiff has failed to establish the existence of any genuine issues of material fact, and that the defendant is entitled to judgment as a matter of law. There was a clear method available to to the plaintiff to preserve any claims in the settlement agreement, but plaintiff neglected to do so. Plaintiff's subjective intent is not a material issue, and plaintiff clearly was not the victim of duress. Accordingly, defendant's motion for summary judgment is granted. The Clerk will dismiss the complaint. Each party will bear its own costs.