**UNITED STATES of America, Plaintiff,**

v.

**Carl E. SHARP, Defendant.**

**No. 85–00075–01–CR–W–1.**

United States District Court,
W.D. Missouri, W.D.

March 18, 1987.

Robert E. Larsen, Kansas City, Mo., for the United States.

James L. Lyons, Kansas City, Mo., for defendant.

Clinton L. Adams, Kansas City, Mo., for defendant on motion for return of seized property.

## MEMORANDUM AND ORDERS

JOHN W. OLIVER, Senior District Judge.

On October 10, 1986, defendant filed a motion for return of seized property. Defendant claims that the currency which was seized as evidence in a search conducted on February 4, 1985 should now be returned to him because the government has failed to file a timely forfeiture proceeding, thus violating his rights to due process of law. In its second supplemental suggestions in opposition to defendant's motion, filed December 15, 1986, the government stated that "although the paperwork has been completed, the formal forfeiture proceedings, which would include notice to the defendant, have not yet been initiated."

On January 14, 1987, we issued an order to show cause directing the government to state whether formal forfeiture proceedings had yet been initiated and the date on which they were initiated, and to set forth with particularity its justification for delay in initiating forfeiture proceedings. In its January 21, 1987 response, counsel for the

government stated that the subject property had remained in the evidence vault of the Kansas City, Missouri Police Department until after defendant filed his motion for return of seized property. It was not turned over to the Federal Bureau of Investigation (FBI) until sometime in November, 1986.

Forfeiture proceedings were not initiated until January 14, 1987. Government counsel stated that "the delay in initiating these forfeiture proceedings was an oversight." (Response to Order to Show Cause ¶ 4).

Defendant's motion points out that more than twenty-three months passed from the time the property was seized until the government filed forfeiture proceedings. The Supreme Court recently considered the issue of whether delay by the federal government in filing forfeiture proceedings constitutes a due process violation. *United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in United States Currency,* 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983).

We have examined that case and its progeny and carefully considered the circumstances of this case. We find and conclude that the government's delay in instituting forfeiture proceedings constitutes a violation of defendant's due process rights. Accordingly, for the reasons given below, we find and conclude that the government shall be ordered to return defendant's property.

## I.

On February 1, 1985, Associate Judge Vincent Baker of the Circuit Court of Jackson County, Missouri, issued a search warrant to the Kansas City, Missouri Police Department to search the second floor residence of the defendant located at 8812/8814 South Woodland, Kansas City, Missouri. (Motion for Return of Seized Property, ¶¶ 1, 2). The search warrant was executed on February 4, 1985 by the Kansas City police. (Motion, ¶ 3, Government's Sugg. in Oppos. filed Oct. 20, 1986, ¶ 1). Special Agent Lance Kobel, Federal Bureau of Investigation, was present in the house during the February 4, 1985 search,

but was there as an observer and did not participate in the search. (Stip. made at July 1, 1985 evidentiary hearing before the Honorable Calvin K. Hamilton, Chief United States Magistrate). At the time of the search of defendant's second floor residence at 8812/8814 South Woodland, officers seized: (a) bank bag containing $8,000.00 in cash; (b) bank bag containing $250.00 in cash; and (c) $3,262.00 in cash. (Motion, ¶ 7; Sugg. in Oppos., ¶ 1).

The defendant was indicted by a federal grand jury on May 6, 1985. The indictment charged the defendant with possession of cocaine with intent to distribute (Count I) and possession of a firearm by a convicted felon (Count II). (Sugg. in Oppos., ¶ 2; Motion, ¶ 6). On July 30, 1985 this Court denied defendant's motion to suppress evidence seized during the February 4, 1985 search. We adopted Magistrate Hamilton's conclusion in his July 5, 1985 report and recommendation that the search of 8812/8814 South Woodland was valid under the good faith exception enunciated in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

On August 13, 1985, defendant pleaded guilty to Count I of the May 6, 1985 indictment with the understanding that the government would move to dismiss Count II at final sentencing. On September 24, 1985, the defendant was sentenced on Count I. Count II was dismissed upon oral motion of the government.

On June 4, 1985, defendant pleaded guilty to additional State charges which also arose out of the February 4, 1985 search and seizure at 8812/8814 South Woodland. Defendant was sentenced on the State charges on July 29, 1985.

On October 10, 1986, defendant filed the pending motion seeking the return of the $11,512.00 in United States currency which was seized from 8812/8814 South Woodland on February 4, 1985. In its October 20, 1986 response to the motion, the government stated that "[t]he property that [defendant] now seeks to have returned by his motion is being forfeited to the United States pursuant to 21 U.S.C. § 881." Upon further inquiry of this

Court, however, the government supplemented its October 20, 1986 response on December 9, 1986 by stating that "[o]n November 7, 1986, the Federal Bureau of Investigation seized the $11,182.00 [1] in currency from the Kansas City, Missouri Police Department, and initiated forfeiture proceedings as to that cash. The money is now maintained in the Federal Bureau of Investigation vault." (Supp. Sugg. in Oppos. at 2).

No action, however, was taken by the government to initiate forfeiture of the subject property until defendant filed his motion for return of the seized property some nineteen months after it was seized. Formal forfeiture proceedings were not initiated by the government until January 14, 1987, twenty-three months after the property was seized, and on the same date that this Court issued a show cause order directed toward the government.

## II.

The Supreme Court has recently directed that four factors be considered in determining whether there has been a due process violation in a forfeiture action: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant because of the delay. *United States v. $8,850, supra,* 461 U.S. at 564, 103 S.Ct. at 2012.

In adopting this four-part test, the Court rejected the government's suggestion that *United States v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977) *reh'g denied,* 434 U.S. 881, 98 S.Ct. 242, 54 L.Ed.2d 164 (1977), "provides the appropriate test for determining whether the delay violates the due process command." *United States v. $8,850, supra,* 461 U.S. at 563, 103 S.Ct. at 2011. *Lovasco* held that due process was violated in cases in which the prosecutor delayed instituting criminal actions where the defendant can show that the delay in seeking an indictment was "a deliberate attempt to gain an unfair tactical advantage over the defendant or in reckless disregard of its probable prejudicial impact upon the defendant's ability to defend against the charges." *Id.* at 563, 103 S.Ct. at 2011.

Instead, the Court analogized the deprivation of the use of defendant's property before pendency of a forfeiture proceeding to defendant's deprivation of liberty while awaiting trial once an indictment or other formal process has issued. The Court thus adopted the familiar *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), test. The *Barker* test is a balancing inquiry rather than the more stringent bad faith or extreme prejudice test set forth in *Lovasco.*

In evaluating the four-part test in the context of this case, we find that the government's delay in instituting forfeiture proceedings was unreasonable and violative of defendant's rights to due process. As the Supreme Court stated, "the overarching factor is the length of the delay. Obviously short delays—of perhaps a month or so—need less justification than longer delays." *United States v. $8,850, supra,* 461 U.S. at 565, 103 S.Ct. at 2012.

In *United States v. $8,850,* the Court found that the delay of eighteen months, though long, was not unjustified where there was a pending petition for mitigation or remission in the administrative forfeiture proceeding which could eliminate the need for judicial consideration of defendant's claim to the property. *Accord United States v. $47,980 in Canadian Currency,* 804 F.2d 1085, 1089 (9th Cir.1986).

Further, and unlike the factual circumstances of this case, the government was justified in its delay in *United States v. $8,850* because there was a pending criminal proceeding. *Accord United States v. U.S. Treasury Bills Totaling $160,916.25,* 750 F.2d 900 (11th Cir.1985) (fourteen-month delay justified where government was consumed with massive criminal investigation and prosecution of the criminal acitivity which generated the funds); *Unit-*

---

1. There apparently is some confusion as to the amount which should be returned to defendant.

This issue is discussed in Part III, *infra.*

*ed States v. $47,980, supra,* 804 F.2d at 1089.

In this case, however, the government has no such reasons which would justify the extreme delay. The property at issue was not subject to administrative proceedings at the time defendant filed his motion for relief in this Court. In fact, the government did not initiate administrative forfeiture proceedings until three months after defendant prompted it to do so by filing his motion for return of seized property. There were no criminal actions pending against defendant which related to the subject property after September 24, 1985. On that date, defendant was sentenced by this Court on Count I of the May 6, 1985 indictment. Count II was dismissed upon motion of the government. All pending state actions against defendant which arose out of the February 4, 1985 search were concluded with his sentencing on July 29, 1985.

The Eighth Circuit has recently held that a 26–month delay was justified where the seizure was made initially by the municipal police and the seized property was held by the police as evidence against the defendants for twenty-five months. The Court of Appeals found that the time for measuring delay against the federal government started running when the Drug Enforcement Administration (DEA) took custody and control of the seized property. Thus the Court of Appeals found that there was only a delay of three weeks from the time the DEA took custody until forfeiture proceedings were initiated. *United States v. Eighteen Thousand Five Hundred and Five Dollars and Ten Cents ($18,505.10),* 739 F.2d 354, 356 (8th Cir.1984).

In this case, however, the FBI did not formally "adopt" the seizure of the property until November 7, 1986, some twenty months after the February 4, 1985 search. Thus, the government cannot properly rely on the gap in time between the seizure and the "adoption" of the seizure by the FBI to shorten the time for measuring delay.

An FBI agent was present in the house at the time of the February 4 search. Although he was there as an "observer" and did not participate in the search, his presence there indicates that the federal authorities had full knowledge at the time of the search of the property that was seized, and also knew the seized property would be subject to forfeiture under federal law.

■ Further, the Assistant United States Attorney, in reliance upon advice that had been given him, "[d]uring the course of the pendency of the Federal charges, ... advised Defendant's attorneys that the cash would be forfeited to the United States." (Government's Supp. Sugg. in Oppos., Dec. 9, 1986, at p. 2). The government apparently intended to initiate formal forfeiture proceedings, and its failure to formally "adopt" the seized property from the city police was, in the word of government counsel, simply an "oversight." The government cannot use its own inexcusable "oversight" as a ground that would place this case within the scope of the narrow holding of *United States v. $18,505.10,* particularly in light of the fact that an FBI agent was present at the time the property was seized. It is obvious that the federal government knew that the city police had no reason to hold the seized property for evidence against defendant after he was sentenced in State court on July 29, 1985. The factual circumstances involved in *United States v. $18,505.10* are clearly distinguishable from the undisputed factual circumstances presented in this case.

The Fifth Circuit has followed *United States v. $8,850* and held that a long, unjustified delay by the government in initiating forfeiture proceedings is appropriate ground for denying forfeiture. *United States v. $23,407.69 in U.S. Currency,* 715 F.2d 162 (5th Cir.) *reh'g denied,* 720 F.2d 1291 (1983). *See also Robinson v. United States,* 734 F.2d 735 (11th Cir.1985) (district court may order return of seized property on basis of default by government's failure to plead). The Fifth Circuit held that "the fact that for the first six months period nothing was done by the government" was "of critical importance." *Id.* at 165.

The case at hand has facts which are more compelling than those before the

Fifth Circuit. Here, the period of inaction by the government was at least twenty months. And counsel for the government properly concedes that the government's failure to comport with due process was an "oversight." No justification is even attempted here.

The remaining factors to be considered are the defendant's assertion of his right, and the prejudice to the defendant. *United States v. $8,850, supra,* 461 U.S. at 564, 103 S.Ct. at 2012. The Supreme Court suggests various means by which one may assert his rights in the property.[2] *Id.* at 569, 103 S.Ct. at 2014.

Although, as Justice Holmes stated almost seventy years ago, "[m]en must turn square corners when they deal with the Government," *Rock Island, Arkansas & Louisiana Railroad Co. v. United States,* 254 U.S. 141, 143, 41 S.Ct. 55, 56, 65 L.Ed. 188 (1920), the government has at least that same duty when it deals with the rights of its citizens. Here, the fact that defendant's first assertion of right came when defendant filed the present motion, some nineteen months after the search, does not in any way outweigh the fact that the government unnecessarily delayed commencing forfeiture proceedings.

■ As to the final factor, prejudice to the defendant can be presumed where he is deprived the use of his property by the government without justifiable cause for a period of twenty-three months. *See United States v. $23,407.69, supra,* 715 F.2d at 166. *Compare United States v. Treasury Bills, supra,* 750 F.2d at 902 (suggests prejudice question is secondary to justification for delay).

■ Because the government offered no justification for its delay in initiating forfeiture proceedings—indeed, it admitted that the failure on its part was an oversight— the government has violated defendant's Fifth amendment right to due process. An order accordingly will be entered which will direct the government to return defendant's seized property to him.

### III.

There is apparent confusion as to the amount of money seized and which is now subject to the government's untimely filed forfeiture. Defendant states in his motion that a total of $11,512.00 was seized during the February 4, 1985 search. That statement of the amount seized is supported by the Kansas City Police inventory of the searched premises. The "Record of Seized Property," attached to the government's response to the order to show cause, states that the amount held in the Kansas City Police Evidence vault and later adopted by the FBI is $11,432.00. The forfeiture notices issued by the FBI on January 14, 1987 also indicate the amount seized to be $11,-432.00. (Government's response to order to show cause, attachments B and C).

In its supplemental suggestions in opposition filed December 9, 1986, the government states that the amount seized was $11,182.00. Defendant adopts that amount in his February 11, 1987 traverse to government's response.

The differing amounts given by the parties as to the subject property is not an issue addressed or resolved by the parties' filings. No explanation is given as to why the amount claimed to be subject to forfeiture is less than the amount reported seized and what has happened to the balance, or why several different amounts are referred to in the various briefs.

■ We find that defendant is entitled to return of the amount of currency seized from 8812/8814 South Woodland on February 4, 1985 which the government asserts is subject to forfeiture. The parties shall

---

**2.** Justice O'Connor suggests, *inter alia,* that one means by which the defendant may assert rights in the property is through a motion for return of seized property pursuant to Fed.R.Crim.P. 41(e). *United States v. $8,850, supra,* 461 U.S. at 564, 103 S.Ct. at 2012. Defendant here filed a Rule 41(f) motion to suppress on May 31, 1985. We need not find that defendant's Rule 41(f) motion was sufficient to establish an assertion of right to the same extent as a Rule 41(e) motion would, but we do note that Rule 41(e) provides that: "If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12."

be directed to stipulate to that amount, and we will then enter an appropriate order requiring the government to return the appropriate amount to the defendant.

Accordingly, it is

ORDERED (1) that defendant's motion for return of seized property should be and is hereby granted. It is further

ORDERED (2) that the parties are directed to file, not more than seven (7) days from the date of this order, a stipulation which states the amount of currency seized from 8812/8814 South Woodland on February 4, 1985 which the government asserts is subject to forfeiture and, if that amount is less than the total amount seized in the February 4, 1985 search, the reason for the discrepancy. Upon the filing of those stipulations, the Court will enter an appropriate order directing that the proper amount be paid to the defendant.