**Keith JONES, Kimberly Jones, Marcy Jones and Votis Wilborn, on their behalf and on behalf of all similarly situated persons, Plaintiffs,**

v.

**Ross TAKAKI, Three Unknown Police Officers, Cook County and Jack O'Malley, State's Attorney of Cook County, Defendants.**

No. 92 C 7076.

United States District Court, N.D. Illinois, E.D.

Sept. 20, 1993.

Charles G. Murphy, Murphy, Peters & Davis, Thomas M. Peters, David R. McLenachen, Chicago, IL, for plaintiffs.

Timothy John Frenzer, Geri Lynn Yanow, John F. McGuire, City of Chicago, Law Dept., Corp. Counsel, Chicago, IL, for defendant Ross Takaki.

Terry L. McDonald, Lawrence R. Stasica, Cook County State's Attorney's Office, Chicago, IL, for defendants Jack O'Malley and Cook County.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs Keith Jones, Kimberly Jones, Marcy Jones and Votis Wilborn bring this five-count civil rights action pursuant to 42 U.S.C. § 1983 against Officer Ross Takaki, three unknown police officers, the County of Cook and the State's Attorney of Cook County, Jack O'Malley. This court previously dismissed Counts I–IV of plaintiffs' complaint, leaving only Marcy Jones and Votis Wilborn as plaintiffs. On September 14, 1993, counsel for plaintiffs acknowledged that defendants were entitled to summary judgment if the court were to apply the due process standard set forth in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), as we have twice stated that we would. Accordingly, this court announced that it would grant summary judgment to defendants. Counsel for both parties, however, requested that we rule in the alternative on defendants' additional contention that defendants are entitled to summary judgment because plaintiffs lack standing. We now do so.

### I. Marcy Jones

■ Defendants contend that Marcy Jones lacks standing because the Chicago Police Department authorized the release of her automobile to her on October 20, 1992, three days before plaintiffs filed their complaint. (Rule 12(M) Statement of Material Uncontested Facts ¶ 5). We agree. The standing doctrine requires that Jones "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). Jones is clearly unable to meet these requirements. Because her car was made available to her *before* the complaint was filed, a successful outcome for Jones in this litigation would have had no practical effect. At the time of filing, there was no longer an existing injury that could have been redressed. *See County of Riverside v. McLaughlin,* 500 U.S. 44, ——, 111 S.Ct. 1661, 1667, 114 L.Ed.2d 49 (1991) (noting that arrested persons seeking probable cause determination had standing because they were still in custody at the time of filing, and were suffering a "current injury ... at that moment capable of being redressed through injunctive relief").[1]

■ Furthermore, Jones is not entitled to seek prospective relief. Absent continuing injury, her standing to seek the injunction requested depends on whether she is likely to suffer from the same alleged constitutional violation in the future. *City of Los Angeles v. Lyons,* 461 U.S. 95, 105, 103 S.Ct. 1660, 1667, 75 L.Ed.2d 675 (1983). Jones has not alleged that such injury is likely to recur to her, likely because that possibility is highly speculative. Such speculation is insufficient to satisfy the standing requirement and establish the actual controversy necessary to

---

1. Jones claims that the injury continued past October 20 because, although her car was available, she could not afford the $350 storage fee to have it released. Jones' argument is unavailing. The alleged violation that Jones sets forth, deprivation of her automobile without a prompt probable cause determination, was completed when her car was made available to her. Jones is not challenging the propriety of the storage fee, nor does she claim that a favorable finding on her constitutional claim would have obviated the requirement that she pay the fee. That it was financially inconvenient for her to retrieve her automobile does not alter the fact that, at the time of filing, the injunctive relief she sought would have in no way have redressed any continuing injury she alleged.

allow Jones' suit to proceed. *Id.* Accordingly, we grant defendants motion for summary judgment against Jones.

## II. Votis Wilborn

 Defendants claim that Votis Wilborn also lacks standing, and that they are therefore entitled to summary judgment against him. We grant defendants' motion for summary judgment, not because Wilborn lacks standing, but because his claim is moot.[2] In *County of Riverside v. McLaughlin,* — U.S. ——, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991), the plaintiffs were persons who had been arrested without warrants and, at the time of filing the complaint, were being held in custody without having received probable cause determinations. In considering whether the plaintiffs' claims were justiciable, the Court noted that "the claims of the named plaintiffs have since been rendered moot; eventually, they either received probable cause determinations or were released." *Id.* at ——, 111 S.Ct. at 1667.[3] The same is true here; Wilborn prevailed in his forfeiture trial, and his car has been returned to him. (Rule 12(m) Statement of Material Uncontested Facts ¶ 11). Wilborn's claim is therefore moot.

 Furthermore, Wilborn can not demonstrate that he falls into the exception to the mootness doctrine, harms "capable of repetition yet evading review." *Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). Although other persons will undoubtedly have their property seized pursuant to the Illinois forfeiture law, the exception requires that there be a "reasonable expectation that the *same* complaining party would be subjected to the same action again." *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975) (emphasis added).

Wilborn has not alleged, nor is it likely, that *his* car will again be seized and held subject to a forfeiture proceeding. Because Wilborn's claim is moot, defendants are entitled to summary judgment.[4]

## III. Conclusion

For the reasons set forth above, we grant defendants' motion for summary judgment, and deny plaintiffs' motion for summary judgment. It is so ordered.

---

**2.** Defendants assert that Wilborn's claim is barred by the abstention doctrine embodied in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). However, we reject defendants' attempted application of *Younger* under these circumstances as inconsistent with *Gerstein v. Pugh,* 420 U.S. 103, 108 n. 9, 95 S.Ct. 854, 860 n. 9, 43 L.Ed.2d 54 (1975).

**3.** The court, however, concluded that the plaintiffs had preserved the merits of the controversy for review by obtaining class certification. *Id.*

In the present case, we denied plaintiffs' motion for class certification. *See Jones v. Takaki,* No. 92 C 7076, 1993 WL 124776 (N.D.Ill. Apr. 13, 1993). As a result, Wilborn's claim is not shielded from a finding of mootness.

**4.** We note that, even if Marcy Jones were able to overcome the standing hurdle, her claim would also be moot, since she retrieved her car in early November, 1992. Plaintiffs' Memorandum in Support of Their Motion for Summary Judgment at 3.