UNITED STATES of America,
Plaintiff,

v.

Jorge PARIS LOPEZ, et
al., Defendants.

International Export Parts, Inc., Brookfield Automotive Export Co., Intermark Industries, Inc., Dr. Hernando Márquez Aristazabal, CommerceBank, N.A. (assignee of Sumidata, Inc.'s claims to the seized assets), Advance International System d/b/a Compumax, Inc., MicroInformatica, Inc., Fortuity International, Inc., DOS International, Inc., Ocean Bank, Bishop Diesel Parts, Inc., Bishop Truck Parts, Inc., Canada Packers (USA), Inc., Memory Systems Corp., C.A. Truck Parts, Inc., Julio E. Valbuena, Claimants.

No. 98–189 (HL).

United States District Court,
D. Puerto Rico.

Aug. 15, 2000.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Pending before the Court are motions by several third-party claimants ("claimants") to certain restrained assets. See Dkt. Nos. 902, 911, 935, 941, 944. In light of the due process concerns implicated by the Government's seizure of the assets at issue here, the Court hereby orders all seized assets released to claimants International Export Parts, Inc., Brookfield Automotive Export Co., Intermark Industries, Inc., Dr. Hernando Márquez Aristazabal, CommerceBank, N.A. (assignee of Sumidata, Inc.'s claims to the seized assets), Advance International System d/b/a Compumax, Inc., MicroInformatica, Inc., Fortuity International, Inc., DOS International, Inc., Ocean Bank, Bishop Diesel Parts, Inc., Bishop Truck Parts, Inc., Canada Packers (USA), Inc., Memory Systems Corp., C.A. Truck Parts, Inc., Julio E. Valbuena, until such time as post-conviction ancillary proceedings are held.

### Statement of Facts

On December 8, 1998, a federal grand jury returned a superseding indictment against a number of defendants, including Roberto Ferrario–Pozzi ("Ferrario"). On that same date, the Court issued an order freezing claimants' bank accounts on the grounds that there was probable cause to believe that the accounts had received monies wired by Ferrario. Unfortunately for the Government and claimants, Ferrario is in Colombia, and no one is in a position to say when or if he will ever be extradited to the United States by the Colombian authorities.

After a hearing on claimants' requests for the return of the frozen assets, United States Magistrate Judge Jesús A. Castellanos entered a Report and Recommendation ("R & R") recommending that the Court return 75% of the frozen assets to claimants. Dkt. No. 871. The May 16, 2000 R & R was grounded in the due process concerns presented by the fact that the Government is unable to say with any certainty when Ferrario will be tried. Thus, the Government is similarly unable to say when claimants will have the opportunity for a hearing to adjudicate the forfeiture of their seized assets.

On June 5, 2000, the Court entered an order approving the Magistrate Judge's R & R and ordering the release of 75% of the frozen assets to claimants. On June 23, 2000, in the wake of the Government's objections, whose timeliness the Court shall not consider here, the Court stayed its various orders to release funds to claimants. Dkt. No. 915.

### Discussion

Claimants have requested the release of their seized funds, arguing that a pretrial seizure of indefinite length violates the principle of due process of law under the Fifth Amendment to the United States Constitution. See U.S. Const. amend. V. Claimants have taken pains to point out that their request is based not on the validity *vel non* of the indictments or on the existence of probable cause for the seizures in the first place. They limit their argument to the narrow contention that a seizure of funds with no foreseeable opportunity for adjudication violates the strictures of the Due Process Clause. The Court agrees.

Although neither claimants nor the Government have based their arguments on it, the Court relies on the Supreme Court's analysis in *United States v. Eight Thousand Eight Hundred & Fifty Dollars*, 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983). In that case, the Supreme Court constructed a framework for determining whether the passage of time between seizure of property and final adjudication of the propriety of the seizure violates the Due Process Clause. Although the facts of the case involved a seizure followed by a separate civil action for forfeiture, the analysis applies equally well to the seizure and yet-to-be-commenced criminal forfeiture proceeding at issue here.

The structure that the Supreme Court established in *$8,850* is borrowed from the four-part test used in determining whether the Government's post-indictment delay in bringing a defendant to trial violates the defendant's Sixth Amendment right to a speedy trial. See *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). See also *United States v. Von Neumann*, 474 U.S. 242, 247, 106 S.Ct. 610, 88 L.Ed.2d 587 (1986) (applying the four-part test); *United States v. David*, 131 F.3d 55, 59 (2nd Cir.1997) (same); *Jones v. Takaki*, 38 F.3d 321, 323 (7th Cir.1994) (same); *United States v. $874,938.00 in U.S. Currency*, 999 F.2d 1323, 1325 (9th Cir.1993) (same); *Nnadi v. Richter*, 976 F.2d 682, 687 (11th Cir.1992) (same). The test, as adapted to the asset-seizure situation, weighs four factors. First, a court must consider the length of the delay between seizure and adjudication. *$8,850*, 461 U.S. at 564, 103 S.Ct. 2005. Second, the reason for the delay must be considered. *Id.* Third, a court must consider whether the defendant, or here, claimant, has asserted his right. *Id.* Fourth, the court must look to the prejudice to the defendant/claimant that the delay has caused. *Id.* The Supreme Court was careful to emphasize, however, that this balancing test is "flexible" and that "none of these factors is a necessary or sufficient condition for finding unreasonable delay." *Id.* at 564–65, 103 S.Ct. 2005.

Applying these four factors to the case at hand, it becomes apparent that the instant case is not typical of forfeiture cases. In *$8,850* and the cases applying its reasoning, the delay at issue is virtually always of some fixed length. The court in those cases is then faced with determining whether the particular delay violates due process. In this case, however, the delay

confronting the Court, and more importantly, the claimants, stands at nearly 20 months and threatens to grow indefinitely.

In applying the first factor, the length of the delay between the seizure and the adjudication of the claimants' rights to the seized property, the Court finds that a 20–month delay is "undoubtedly a significant burden" on claimants. *$8,850*, 461 U.S. at 565, 103 S.Ct. 2005 (finding an 18–month delay to be a "significant burden"). According to the Supreme Court, the length of the delay is "the overarching factor" in the balancing test, even though "little can be said on when a delay becomes presumptively improper, for the determination necessarily depends on the facts of the particular case." *Id.* The Court finds that the most salient aspect of the delay in this case, though, is not its 20–month length, but rather the fact that it has no ascertainable terminus. The open-ended nature of the delay in this case makes the delay a grave problem. Thus, the Court finds that this factor weighs heavily in the due process balance.

The second factor that the Court must consider is the reason for the delay. In this case, the delay is not the Government's fault. The time of Ferrario's trial is out of the Government's hands. Instead, the Colombian authorities' ability to find and willingness to extradite Ferrario is the driving force behind the delay.[1] Thus, this factor weighs against a finding of a violation of due process by the Government.

The third part of the due process inquiry is "the claimant's assertion of the right to a judicial hearing." *$8,850*, 461 U.S. at 568–69, 103 S.Ct. 2005. In the context of a civil forfeiture, this can include the filing of "an equitable action seeking an order compelling the filing of the forfeiture action or

---

1. In *$8,850*, the Supreme Court makes the point that pending criminal proceedings may justify the Government's delaying civil forfeiture proceedings. Forfeiture proceedings can "hamper" subsequent criminal proceedings. *$8,850*, 461 U.S. at 567, 103 S.Ct. 2005. Here, though, the forfeiture is a criminal count and thus can not be adjudicated before Ferrario's trial. Further, the Government is not purposely delaying forfeiture proceedings, as it did in *$8,850*. Thus, the Court need not consider whether pending criminal proceedings justify the Government's delay in this case.

return of the seized property." *Id.* at 569, 103 S.Ct. 2005 (citing *Slocum v. Mayberry,* 2 Wheat. 1, 10, 4 L.Ed. 169 (1817)). A claimant could also file a motion for return of the seized property. *Id.* In this case, the record is full of claimants' motions for return of some or all of the seized assets. The Court can not fault their diligence in asserting their right to a hearing and/or return of their property. Thus, the Court finds that claimants have more than done their part to assert their rights, and their efforts weigh in their favor in the four-part balancing test.

The fourth and final element in the analysis is whether claimants have "been prejudiced by the delay." *$8,850,* 461 U.S. at 569, 103 S.Ct. 2005. The "primary inquiry" into the existence of prejudice is whether the claimant's ability to present a defense on the merits has been harmed. *Id.* This is not the only inquiry, though. The Court may also consider the financial burden placed on claimants as a result of the seizure. See *United States v. Sharp,* 655 F.Supp. 1348, 1352 (W.D.Mo.1987) (holding that "prejudice … can be presumed where [claimants are] deprived of the use of [their] property by the government without justifiable cause for a period of twenty-three months"). See also *Jones,* 38 F.3d at 323 (pointing out that the nature of the prejudice suffered by a claimant differs in every case). Here, claimants have been deprived of large sums of money for 20 months, and their deprivation will continue for the foreseeable future. Some claimants have even been forced to stop doing business as a result of the seizure of their assets. Thus, the Court finds great prejudice to claimants as a result of the seizure in this case.

Wherefore, the Court finds that the balance of factors shows that the due process rights of claimants have been violated by the seizure of their assets. Although the length of the un-adjudicated seizure is not the fault of the Government, it is too great to remain within the bounds of due process. Further, claimants have suffered great prejudice and have vigorously asserted their rights. Accordingly, claimants' seized property shall be immediately returned to them until such time as post-conviction ancillary proceedings are held.

**IT IS SO ORDERED.**