NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois  60604

February 12, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-1599

| | |
|---|---|
| CHERMANE SMITH, EDMANUEL PEREZ, TYHESHA BRUNSTON, MICHELLE WALDO, KIRK YUNKER, and TONY WILLIAMS,<br><br>     *Plaintiffs-Appellants*,<br><br>  *v.*<br><br>CITY OF CHICAGO, PHILIP J. CLINE, Superintendent of Police, and RICHARD DEVINE, Cook County States Attorney,<br>     *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 06 C 6423<br><br>Elaine E. Bucklo,<br>*Judge.* |

**ORDER**

The district court, relying on *Jones v. Takaki*, 38 F.3d 321 (7th Cir. 1994), dismissed the plaintiffs' complaint in this case.  On appeal, we overruled *Jones*, explaining, "[O]ur fresh look at this issue causes us to conclude that given the length of time which can result between the seizure of property and the opportunity for an owner to contest the seizure under the DAFPA, some sort of mechanism to test the validity of the retention of the property is required."  *Smith v. City of Chicago*, 524 F.3d 834, 838 (7th Cir. 2008).

We remanded the case to the district court to "fashion appropriate procedural relief consistent with this opinion." *Id.* Our opinion, because it overruled *Jones*, was circulated among all active members of the court pursuant to Circuit Rule 40(e). None of the judges voted to rehear the case en banc. The case was not moot when we entered our judgment reversing the district court.

Subsequently, the Supreme Court granted the defendants' petition for a writ of certiorari. But then, prior to oral arguments, the last of the named plaintiffs' seized property was returned to her. The Supreme Court therefore held that the case (and thus the appeal) was moot. It vacated our judgment and remanded the case to us with instructions to dismiss. *Alvarez v. Smith*, 130 S. Ct. 576. The Court cited *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), as precedent for the vacatur order. *Alvarez*, 130 S. Ct. at 578, 581-83. The Court did not address the merits of the plaintiffs' due process claim. Thus, neither the plaintiffs nor the defendants had the benefit of a full and final review of the due process issue that is at the core of this case.

When parties to a controversy cannot secure final review of the merits because the case became moot before the Supreme Court could address the merits, the appropriate relief, it seems, is an order vacating all prior judgments, without prejudice to any party's right to proceed or defend. *See Munsingwear*, 340 U.S. at 40. When, through happenstance, a case becomes moot before final review is possible, vacatur is necessary to clear "the path for future relitigation of the issues between the parties, preserving the rights of all parties, while prejudicing none by a decision which . . . was only preliminary." *Alvarez*, 130 S. Ct. at 581 (quoting *Munsingwear*, 340 U.S. at 40) (internal quotations omitted)). Considerations of "equity and fairness," *Alvarez*, at 582 (quoting *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 25-26 (1994) (internal quotations omitted)), dictate that the parties start over, without prejudice, when final review is not possible through no fault of the parties themselves.

For these reasons, we believe the best course of action for us to take at this time is to vacate our judgment and to remand the case to the district court for consideration, or reconsideration, of issues that are not moot.

SO ORDERED.